THE ANNAPOLIS AND BALTIMORE SHORT LINE RAIL-
ROAD COMPANY' *vs.* P. SANFORD ROSS, JOSEPH B.
SANFORD, and WALTER B. BROOKS, JR., trading as
ROSS and SANFORD.

*Construction of Contract—Provisions for Alterations—Pro-
vince of Court and Jury—Measure of Damages—Im-
proper instructions.*

The plaintiffs agreed ,to build for the defendant, a railroad company,.
bridges over the Patapsco and Severn rivers.   They were to be built
on piles according to specifications which formed part of the con-
tract.   The whole work was to be done under the direction of the
defendant's engineer, and he was to be the sole judge of the quan-
tity and quality of the work, and his decision was to be final and
conclusive between the parties.   The defendant reserved the right
to make additions to and deduct portions from the work specified
as shown in the plans, at the same proportional amount of increase
or decrease in pay as the whole amount bore to the original plan ;
provided however that no alteration should be made from said plan
which should entail upon the plaintiffs an expense in constructing
beyond the proportion of the balance of the work.   It was further
agreed that in the event of a difference between the parties in re-
gard to any part of the work done under the contract, the decision
of the defendant's engineer was to be final and conclusive.   Plans
for the bridges and the estimated number of piles for each bridge,
were furnished to the plaintiffs before the contract was signed.
After the commencement of the work it was found that piles of the
specified length were insufficient, and by direction of the defendant's
engineer those for the Patapsco bridge were capped and a trestle
work built thereon, and those for the Severn bridge were spliced,
Additional piles were also furnished for the Severn bridge.   Before
making the alterations the plaintiffs required from the defendant's
engineer some authority in writing, and he addressed them a letter
containing these words :  " You will please order the piles and extra.
timber used in Patapsco bridge, and piles in Severn bridge as re-
quired, and keep strict account of extra expenses incurred."   The
alterations largely increased the cost of construction.   On the com-
pletion of the bridges an itemized account for each bridge was pre-

sented by the plaintiffs, and submitted to the defendant's chief engineer who awarded them a smaller amount for each bridge than that claimed. In an action by the plaintiffs against the defendant to recover the difference, it was HELD:

1st. That the construction of the contract was for the Court; but whether the work as finally done was within its scope was a question for the jury.

2nd. That it was for the jury upon the evidence to say, whether the alterations were or were not within the scope of the contract, or in other words, whether they were such as the defendant had the right to make under the contract.

3rd. That if they were not, but required of the plaintiffs a class of work more costly than that required in the contract, then the estimate of the engineer was not binding, because it was only in regard to the work done under the contract that his decision was to be final and conclusive.

4th. That if the alterations were not within the scope of the contract, the plaintiffs were entitled to recover a fair compensation for the increased cost of construction by reason of the alterations thus made, and in estimating which the jury were to be guided by the prices named in the original contract, so far as they were applicable to the labor and materials furnished on account of such alterations.

5th. That the prayers offered by the defendant, which assumed as matter of law that the alterations were such as the defendant had the right to make under the contract, and that the award of its engineer was therefore conclusive, were properly refused.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiffs offered the two following prayers:

1. If the jury find from the evidence that the defendant submitted, or caused to be submitted to the plaintiffs, the plan of the bridges to be built over the Severn and Patapsco rivers, as contained on the plat which was given in evidence, endorsed: "Bridge over Severn river, A. & B.

Short Line R. R., Wm. D. Janney, Chief Eng.," and the specifications of the bridge to be built over the Severn river, as contained on said plat, and the specifications of the bridge to be built over the Patapsco river, as contained in the letter of Wm. D. Janney to W. B. Brooks, Jr., dated 11th of January, 1886, also given in evidence, and that the plaintiffs undertook and agreed with the defendant to build said bridges in accordance with the said plans and specifications, and upon the terms set forth in the articles of agreement, dated 18th of January, 1886, also in evidence; and shall further find that after the commencement of the work in question, it was found impracticable to build said bridges in accordance with said plans and specifications, and that the defendant changed the character of the bridge over the Patapsco river from a pile bridge to a trestle bridge, and required the plaintiffs to use spliced piles in the construction of the Severn river bridge, not called for by the specifications, as contained in said plan, or by said articles of agreement, and of a greater length than the piles called for by said papers, and that the plaintiffs built said bridges for the defendant in accordance with said changes, and that the defendant accepted said bridges when finished, and has not paid for the same; and shall further find that in consequence of said changes, the quantity and character of materials, and the amount of labor required to be furnished and done by the plaintiffs in the construction of said bridges was greatly increased, and the plaintiffs suffered loss from delays in consequence of said changes, so that the plaintiffs were put to a greater expense in constructing said bridges as finally constructed, than they would have been if said bridges had been built according to the said original plans and specifications, then the plaintiffs are entitled to recover such sum as the jury may estimate such increase of labor and materials, and such loss, to amount to; and in making such estimate the jury will be guided by the prices named in said original

contract, so far as the same may be applicable to the work and materials as done and furnished.

2. If the jury find from the evidence the facts set forth in the plaintiffs' first prayer, and shall further find that any portions of said bridges were .built by the plaintiffs for the defendant, according to the said original plans and specifications, and said articles of agreement, and that said defendant has not paid for the same, then the plaintiffs are entitled to recover for such portions at the rates of compensation named in said agreement.

The defendant offered the two prayers following:

1. That if the jury find that the plaintiffs entered into the contract offered by them in evidence, to build the bridges as therein provided, and that the work was done and material furnished, which constitute the plaintiffs' claim, in the construction of said bridges, and the jury further find that Charles H. Latrobe was, at the time of the completion of said contract, the chief engineer of the defendant, and that prior to the institution of this suit the accounts and claims of said plaintiffs were submitted to said Charles H. Latrobe ; and that by the final estimates of the said engineer the said plaintiffs are entitled to ten thousand four hundred and ninety-eight dollars and ninety-nine cents, then, in the absence of evidence of fraud on the part of said Latrobe in making said estimates, or fraud on the part of the defendant in the procurement of said estimates, said estimates are conclusive and final.

2. That if the jury find the facts as stated in the first prayer of defendant, and further find that prior to the institution of this suit the defendant tendered to the plaintiffs the said sum of $10,498.99, then their verdict should be that amount without interest.

The Court (BROWN, C. J.,) granted the prayers of the plaintiffs, and rejected those of the defendant. The defendant excepted, and the verdict and judgment being against it, appealed.

The cause was argued before ALVEY, C. J., ROBINSON, IRVING, BRYAN, and MCSHERRY, J.

*John E. Semmes,* for the appellant.

The contract provided for an extension of the work, and in the absence of a direct protest brought home to the company, it had a right to presume that the work done was being done under the terms of the contract. To complete the work without notifying the company of the intention to abrogate the terms of the contract, was a fraud upon it. *McGrann vs. The North Lebanon R. Co.,* 29 *Penn.,* 89.

It is evident from the terms of the contract that the chief engineer was to settle all disputes of every character, not left to the engineer for the time being, *i. e.,* the resident engineer.

"That the very object of his appointment is to prevent, and exclude contention and litigation." *Balto. & O. R. R. Co. vs. Brydon,* 65 *Md.,* 227.

It is perfectly permissible to make the engineer of the company the arbitrator in such contracts, either by requiring the work to be done to his satisfaction, or empowering him to settle all differences, as in this case, when, from the terms of the contract it is obvious that his authority extended beyond simply work done under the specification, and the decision of the party so selected is final, unless fraud is shown. *Balto. & Ohio R. R. Co. vs. Brydon,* 65 *Md.,* 226; *Lynn vs. Balto. & Ohio R. R. Co.,* 60 *Md.,* 404; *Sweeney vs. United States,* 109 *U. S.,* 618; *Martinsburg & Potomac R. R. Co. vs. March,* 114 *U. S.,* 549; *Sharpe vs. San Paulo Railway Co., L. R.,* 8 *Ch. App.,* 597.

There have been cases where, under the terms of the contract, Courts have held that the arbitration clause was limited to work done within the specifications, upon the theory that for extra work the plaintiff could have no

remedy on the contract; but when, as in this case, this clause could only be applicable to one thing, to wit, the determination of the character and compensation to be paid for work not done directly under the terms of the specifications, extra work, in other words, there is not a case where the clause has been allowed to be inoperative; and in every case the clause has been applied to the character and price to be paid for said extra work. *Kidwell vs. B. & O. R. R. Co.*, 11 *Grattan*, 697–681–690.

The cases make the engineer appointed construe the instrument. *Latimer, &c. vs. N. O., Jackn. & G. N. R. R. Co.*, 16 *La. An.*, 78-81; 11 *Grattan*, 690; *O'Reilly vs. Kerns*, 52 *Penn.*, 214-218; 51 *Georgia*, 348; *Herrick vs. Noble & Sons*, 27 *Vermont*, 6; *Noyes & Co. vs. Canfield*, 27 *Verm.*, 79; *Forwood & Co. vs. Watney*, 49 *L. J., Q. B. Div.*, 447; *Dunaberg & W. Co. vs. Hopkins, Giln & Co.*, 36, *L. T. N. S.*, 733, *C. P. Div.*

Where, as in this agreement, the engineer is made the arbitrator, the engineer who fills the place when accounts are submitted, is the one to perform the duty. 2 *Woods' Railroad*, 998.

*George Blakistone* and *T. Wallis Blakistone*, for the appellees.

The plats, plans and specifications referred to were a part of the contract. *Bishop on Contracts, sec.* 382, *note* 2.

If there are contemporaneous writings between the same parties, so far in relation to the same subject-matter that they may be deemed part and parcel of the contract, although not referred to in it, they may be read in connecwith it. 2 *Parsons on Contracts*, (7th *Ed.*) 684, *bottom paging.*

The Court may construe the contract, but the jury must be the only judges as to whether the work, as finally done, was within the scope of the contract. *Courtenay vs. Fuller*, 65 *Maine*, 159.

The changes in the character of the work were such as were not contemplated by the contract, and the appellees were not bound by the decision of the chief engineer of the railroad company, whose decision was only binding as to differences arising between the parties in reference to work *under the contract.*

Where there is a deviation from the original plan, the rule is that if the plan is wholly changed, or so much so that the work cannot be traced by the contract, in such case the work must be paid for according to value and not by the contract. 1 *Addison on Contracts,* (*8th Ed.,*) *bottom page* 585; *Attrill vs. Patterson,* 58 *Md.,* 255; *Chandler vs. The State,* 5 *H. & J.,* 297.

Notwithstanding the deviation the contract will be the rule of payment as far as it can be traced to have been followed. 1 *Addison on Contracts,* 585.

Where plans are so changed as to call for increased material and additional labor, not required by the original contract, the party may recover the actual value of the extra work and materials. *Orange, Alexandria & Manassas R. R. Co. vs. Placide,* 35 *Md.,* 318, 321; *Sexton vs. City of Chicago,* 107 *Ills.,* 323.

ROBINSON, J., delivered the opinion of the Court.

The plaintiffs agreed to build for the defendant company bridges over the Patapsco and Severn rivers. They were to be built on piles, according to specifications which formed part of the contract. The length and price per linear foot to be paid for the piles, and the cost for driving them, and the price per thousand feet for framing the timber, which included the cost of the materials and putting them in place, are all set forth in the specifications. Plans also for the bridges, and the estimated number of piles for each bridge were furnished to the plaintiffs before the contract was signed. The whole work was to be done under the direction of the defendant's engineer, and he was to be

OCTOBER TERM, 1887.        317

Annapolis & Balto. Short Line R. R. Co. *vs.* Ross, *et al.*

the sole judge of the quantity and quality of the work, and his decision was to be final and conclusive between the parties.

The defendant company reserved the right to "make additions to or deduct portions from the work specified, as shown in the plans, at the same proportional amount of increase or decrease in pay, as the whole amount bears to the original plan ; provided, however, that no alteration shall be made from said plan which shall entail upon the plaintiffs an expense in constructing beyond the proportion of the balance of the work." It was further agreed that in the event of a difference between the parties in regard to any part of the work done under the contract, the decision of the engineer was to be final and conclusive.

After the plaintiffs had begun the construction of the Patapsco bridge, it was found that owing to the soft bottom of the river, the piles furnished for that bridge according to the specifications, were not long enough to bring the bridge to the level required for the defendant's road. This they reported to the defendant's engineer, and they were directed by him to cap the piles near the water's edge, and to build thereon a trestle work high enough to bring the bridge to the level required. The piles furnished for the Severn bridge were also found too short, and these the engineer directed to be spliced. As these alterations would necessarily increase the cost of construction, the plaintiffs required of the engineer some authority in writing before proceeding to make the same, and thereupon he addressed to them the following letter :

" MESSRS. ROSS & SANFORD :

Gentlemen :—You will please order the piles and extra timber used in Patapsco bridge and piles in Severn bridge as required, and keep strict account of extra expenses incurred.        Signed, W. D. JANNEY."

Upon the receipt of this letter the plaintiffs resumed work, and in the construction of the Patapsco bridge the piles were capped near the water's edge, and thereon a trestle fourteen feet high was built, and upon this trestle the bridge was laid. In the construction of the Severn bridge the piles were spliced as directed and additional piles furnished. These alterations largely increased the cost of construction, the spliced piles, of which about three hundred were required, alone costing more than three times the price set forth in the specifications. Besides, the plaintiffs suffered loss from delays incident to the furnishing of extra piles. When the bridges were finished the itemized account of the plaintiffs for the Patapsco bridge amounted to $15,674.31, and the account for the construction of the Severn bridge amounted to $30,553.02.

These accounts the defendant submitted to its chief engineer, Latrobe, who, after an examination of both bridges, awarded the plaintiffs $12,491.35 for the Patpsco bridge, and a sum for the Severn bridge much less than that claimed by the plaintiffs. The difference between the sums thus awarded by the engineer, and the amounts claimed by the plaintiffs, is the subject-matter now in dispute.

That alterations were made and that the cost of constructing the bridges, was thereby largely increased is not denied; and the real question is whether the alterations were such as the defendant had the right under the contract to make? If they were, then in the absence of bad faith or fraud on the part of the engineer, and this is not imputed, his award is final and conclusive. On the other hand, if the alterations are not fairly within the scope of the contract, his award is not binding, because his arbitrament was to be final only in regard to the work done under the contract. The right of the defendant to make alterations in the construction of the bridges, although the cost for labor and materials was thereby

increased, cannot be questioned ; provided, however, such alterations did not subject the plaintiffs to an "expense *in constructing beyond the proportion of the balance of the work."* Or in other words, as we construe the contract, did not require of them a class of work more costly than originally contemplated. The construction of the contract is for the Court, but whether the work as finally done was within its scope, is a question for the jury. And in regard to this question the evidence is conflicting. On the part of the plaintiffs it shows that they were not only required to furnish extra piles at a greater cost than set forth in the specifications, but also to splice them at a much greater cost ; that the construction of the trestle work was a different kind of work than required under the contract, and that the alterations not only increased the cost, but so changed the character of the construction, that they were unable to render an account based upon the compensation as agreed upon. Opposed to this is the evidence on the part of the defendant, to the effect that although the cost of construction was increased, the alterations did not subject the plaintiffs to a class of work more costly than required under the contract. The engineer in his testimony says "the Patapsco bridge in the nature and character of its work was the same, that the form was somewhat modified, but under the item of framing timber there was no difficulty in following and carrying out the rates of compensation as agreed upon. And as to the Severn bridge, that although spliced piles were not spoken of in the contract the class of work was the same, &c." Upon this evidence it was for the jury to say whether the alterations were or were not within the scope of the contract, or in other words whether they were such as the defendant had the right to make under the contract. If they were not, if they required of the plaintiffs a class of work more costly than that required in the contract, then the estimate of the engineer was not binding, because it

Annapolis & Balto. Short Line R. R. Co. *vs.* Ross, *et al.*

was only in regard to the work done under the contract that his decision was to be final and conclusive. And this question was, as we understand the instruction of the Court, submitted to the jury, at the same time speaking for myself I desire to say, that the question was not, in my opinion, submitted in terms as plain and explicit as it ought to have been. If the alterations were not within the scope of the contract, then the plaintiffs were entitled to recover a fair compensation for the increased cost of construction by reason of the alterations thus made, and in estimating which the jury were to be guided by the prices named in the original contract so far as they were applicable to the labor and materials furnished on account of such alterations. And so the Court instructed the jury.

The defendant's prayers were properly refused, because they assume as matter of law that the alterations were such as the defendant had the right to make under the contract, and that the award of the engineer was therefore conclusive. This, as we have said before, was a question for the jury.

*Judgment affirmed.*