ANDREW B. WEST ET AL. *vs.* FRANK SUDA.

First Judicial District, Hartford, January Term, 1897. ANDREWS, C. J.,
        TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

The failure of a party to a written contract to read it over a second time
    before execution, in order to verify erasures made in his presence and
    at his dictation, does not, as matter of law, preclude him from obtain-
    ing a reformation of the contract, if it is found by the trier that the mis-
    take was not due to his negligence, but to the error of the scrivener in
    making the erasures.
Whether a builder's work is in substantial accord with his contract, is a
    question of fact.  If such accord is found the owner cannot justify
    his termination of the contract on the ground of slight departures
    from the specifications; nor on the ground that the contract provides
    that all work must be done to the acceptance of the architect.
Where a contract is reformed and damages are awarded for its breach as
    reformed, it is not necessary for the judgment to recite that the dam-
    ages were given by way of equitable relief.

[Argued January 14th—decided March 23d, 1897.]

SUIT for the reformation of a building contract, for an in-
junction and for damages, brought to the City Court of Hart-
ford and tried to the court, *McManus, J.;* facts found and
judgment rendered for the plaintiffs, and appeal by the defend-
ant for alleged errors in the rulings of the court.   *No error.*

The plaintiffs are builders, and contracted with defendant
to do the carpenter and mason work on a house to be erected
for the defendant on his land.   The complaint sets out in
detail the contract; the facts showing a mutual mistake, in
support of the claim to reform the contract; the facts show-
ing a breach of the contract as reformed, and the extent of
the injury so caused; and asks, by way of equitable relief,
for a reformation of the contract, and damages.   To this
complaint the defendant demurred, and afterwards answered.
Upon trial the court found the issues for the plaintiffs, and
rendered judgment that the contract be reformed as asked,
and for damages.

It appears in the finding, that the defendant had procured

plans and specifications to be drawn for building his house,
and the same were submitted to plaintiffs, who offered to
build such a house for a specified sum; that this offer was
not accepted, and that the defendant then asked the plaintiffs
to make another estimate, excluding therefrom certain items
specified in a memorandum prepared by the defendant; that
the plaintiffs made such estimate, which was accepted by the
defendant, and a contract between them executed in pursu-
ance thereof; that when the parties met to execute the con-
tract, Mr. West, one of the plaintiffs, read from the defendant's
memorandum the list of items agreed by both parties to be
excluded, and Frank Suda, a son of the defendant, undertook
to erase from the plans and specifications such items as they
were read; that all parties believed that the same were all
so erased, but by inadvertence Suda, Jr., did not erase some
of the items read; that the contract plans and specifications
were then signed, both the plaintiffs and the defendant be-
lieving that all said items contained in said memorandum
and read to Suda, Jr., had been stricken out, and acting
under this mutual mistake; that the plaintiffs had previous-
ly read and examined the plans and specifications, but did
not re-read them after Suda, Jr., had made the erasures as
aforesaid and before execution, and although they omitted to
do so were not in fact guilty of negligence; that the memo-
randum headed "Things to be left out," was taken away by
the defendant or his son; that the defendant, without any
ground under the contract as reformed, but claiming that
the plaintiffs had not complied with the plans and specifica-
tions, ejected the plaintiffs and their workmen from the
premises, took possession of the building, together with ma-
terials furnished by the plaintiffs, and has ever since held
possession of the same; and that the damage to the plain-
tiffs amounted to $1,664.03.

The contract contained a provision that the work should
be done by the plaintiffs to the satisfaction of the architect
named in the contract. The judgment of the City Court, as
printed in the record, owing to a clerical mistake, did not
conform to the judgment actually rendered. This error was
rectified before the case was submitted on argument.

The errors in law raised upon the trial, specified in appeal and claimed upon argument, are: The court erred, (1) in ordering a reformation of the contract; because upon the facts found there was no mutual mistake, and because the mistake was due to negligence in the plaintiffs in not reading over the specifications after alteration and before signature. (2) In rendering judgment for damages, because by the terms of the contract the work was to be done to the satisfaction of the architect, before the plaintiffs could recover thereon, and the contract was not performed to the satisfaction of the architect. (3) In holding that plaintiffs were entitled to damages by way of equitable relief.

*Joseph L. Barbour*, for the appellant (defendant).

*Edward D. Robbins* and *George A. Kellogg*, for the appellees (plaintiffs).

HAMERSLEY, J. In respect to the items agreed to be omitted, the documents signed did not express the actual contract between the parties; this was due to a mere clerical mistake of the scrivener. That such a mistake may be corrected by a court of equity, cannot be questioned. *Wood* v. *Haviland*, 18 Conn. 101, 107. The failure of the plaintiff West, to again read the papers before execution, in order to verify the erasures made under his eyes and at his dictation, is not conclusive evidence that the mistake was due to his negligence. The rule of law that no one shall be allowed to escape his contract obligations by saying he did not read what he signed, is a most wholesome and necessary rule, but as applied to the fact of mistake it is a rule of evidence; the failure to read is not always conclusive of negligence. For obvious reasons it is not conclusive in this case. The rule did not bar the trial court from finding that the mistake was not due to the negligence of the plaintiffs. *Palmer* v. *Hartford Ins. Co.*, 54 Conn. 488, 510.

The provision in the contract that all work must be done to the satisfaction of the architect named, has no application to the question of damages caused by the defendant in wrong-

fully breaking the contract and preventing its execution. The defendant urges that it appears from the finding of the judge that the work of the plaintiffs did in some respects vary from the specifications; but the court expressly finds that the variations were not such as to justify the defendant in terminating his contract as he did. It is certain that not every slight departure from the letter of the contract, in work or material, would justify the action of the defendant in its termination. The plaintiffs' substantial compliance with the contract is a question of fact on which the court has passed, and as to which no question of law is raised. The fact that the architect had the power to accept or reject the work, did not prevent the court from passing upon the justification of the defendant in terminating the contract. It does not appear that the rejection of work by the architect was the reason of the defendant's action, or that any work had in fact been rejected.

The plaintiffs were entitled to ask a court of equity to reform the contract, and by way of equitable relief to give damages for a breach of the contract as reformed. *Butler* v. *Barnes*, 60 Conn. 170, 190. The court rendered judgment for a reformation of the contract and for damages for breach of the contract as reformed. It was not necessary, as the defendant in his brief seems to claim, that the court should recite in the judgment that the damages were given " by way of equitable relief."

In the appeal the overruling of the defendant's demurrer is assigned as error. The defendant claimed nothing in argument on this ground; therefore, and because no doubtful question is involved, it is sufficient to say that we think the ruling correct.

We do not allude to each error claimed, as detailed at some length in the reasons of appeal, because no other question of law is raised by their assignment, and the counsel for defendant in his brief very properly declined to press any claims except those we have considered.

There is no error in the judgment of the City Court.

In this opinion the other judges concurred.