DANIEL E. CRONIN ET ALS. *vs.* ANGELO V. PACE ET AL.

Third Judicial District, Bridgeport, April Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A building contract providing that all work called for by the plans and specifications must be done in compliance with the city ordinances —one of which required that in certain dwelling-houses there should be " good and sufficient stairways, or other ways of egress in case of fire, as directed by the building inspector"— does not call for the fire-proofing of the hallways; nor does such a contract impose an obligation upon the contractor to build in conformity with general statutory requirements.

A new agreement as to a particular item in a building contract about which the parties were in dispute, takes that item out of the original contract.

Where the new agreement on one side is to pay a reasonable sum as an extra for doing the work involved in the disputed item, there may be a recovery of that amount.

The fact that city ordinances require a particular kind of a ceiling in certain classes of buildings is of no consequence on appeal unless it also appears upon the record that the building in question belongs to one of those classes.

Submitted on briefs April 16th—decided June 10th, 1909.

ACTION to recover a balance claimed to be due for services rendered and materials furnished in the construction of a building, brought to and tried by the District Court of Waterbury, *Peasley, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendants. *No error.*

*Charles W. Bauby,* for the appellants (defendants).

*Terrence F. Carmody,* for the appellees (plaintiffs).

RORABACK, J. On July 14th, 1905, the plaintiffs, by written contract, agreed to build a three-story six-family house for the defendant, according to certain plans and

specifications, which provide that "the contractor must fulfill all requirements of the Waterbury building and plumbing ordinances, whether the plans or specifications agree with them or not."

The building and plumbing ordinances then in force required that "every non-fireproof building hereafter erected or altered for a tenement house, and more than three stories in height, shall have a cellar ceiling plastered on metal lath or protected by non-combustible material of equal sufficiency. The cellar ceiling in every dwelling house, as defined in section thirty-one of this ordinance, more than three stories in height, shall be lathed with metal lath and plastered."

October 2d, 1905, while the plaintiffs were at work on said building, another contract was entered into between the parties providing for an additional story for said building. The work to be done under the second contract is described as follows: "The contractor shall and will provide all the materials and perform all the work for the construction of the fourth story on the brick block of the said owner. . . . The fourth story to be the same height as the present third story and the same construction, as shown on the drawings and described in the specifications, . . . which drawings and specifications . . . become hereby a part of this contract."

A short time before the building was completed, the building inspector of the city of Waterbury informed the plaintiffs that, under the provisions of the ordinances of Waterbury and the Public Acts, a plaster board ceiling would have to be provided for the cellar of said building.

The plaintiffs completed their work under both of said contracts about April 1st, 1907, and also performed certain other extra work for the defendants, at their request, for which they promised to pay the plaintiffs a reasonable sum. A charge of $50 for fire-proofing the hallways is included in these items as extra work.

The plaintiffs did not construct the plaster board ceiling in the cellar, a reasonable charge for which would be $50.

One question presented by the appeal is whether the court erred in allowing the plaintiffs' charge of $50 for fire-proofing the hallways. Neither the written contract, nor the plans or specifications mentioned this item. Section 80 of the ordinances of the city prescribes that " every dwelling house occupied by or built to be occupied by three or more families, or more than three stories in height, shall be provided with good and sufficient . . . stairways, or other means of egress in case of fire, as directed by the building inspector."

The written contract, when read in connection with this ordinance, imports, at most, that the plaintiffs were to provide good and sufficient stairways or other means of egress in case of fire. The agreement cannot be fairly construed so as to include fire-proofing the hallways. The court has found that the defendants requested the plaintiffs to furnish fire-proofing in the hallways, for which the defendants promised to pay a reasonable sum. It is apparent that the parties were in a controversy as to this branch of the work and made a new arrangement as to this item. In case of disagreement as to a particular item, a new agreement in respect thereto takes such item out of the original contract. *Stewart* v. *Keteltas,* 36 N. Y. 388.

The defendants contend that under the contracts and the plumbing and building ordinances, it was the duty of the plaintiffs to furnish a plaster board ceiling in the cellar of said building. The plaintiffs' compliance with the contracts is a question of fact on which the court below has found in their favor. The question before us is not whether, as a matter of law, the contract was performed, but whether, from the facts found, it appears that the court below erred in holding that the plaintiffs were not bound by the terms of the contracts to put in the ceiling described in the defendants' answer and appeal. *West* v.

*Suda,* 69 Conn. 60, 63, 36 Atl. 1015. The fact that the ordinances called for a particular kind of ceiling in a certain class of buildings, does not show that the plaintiffs were to furnish this kind of ceiling in the building in question. There is nothing in the finding showing that the building involved in the present controversy is one of the class included within the provision of the ordinances.

Section 22 of chapter 178 of the Public Acts of 1905, p. 381, provides that "the floor of the cellar or the lowest floor of every tenement house shall be water-tight, and the cellar ceiling shall be plastered, except where the first floor above the cellar is constructed of iron beams and fireproof filling." This statute imposes a duty for the owner. A contractor's duty is defined by his contract. The contract in the present case did not provide that the plaintiffs should construct the building in conformity with statutory requirements.

There is no error.

In this opinion the other judges concurred.