## New England General Contracting Company *vs.* The Brennan Stone Company.

Maltbie, C. J., Haines, Banks, Avery and Dickenson, Js.

Argued November 8th—decided December 4th, 1934.

*Edward G. Hall,* with whom was *Thomas A. Finn,* and, on the brief, *Herbert L. Cohen,* for the appellant (defendant).

*Louis Feinmark,* with whom was *Morris Melnick,* for the appellee (plaintiff).

MALTBIE, C. J. The defendant upon this appeal makes a large number of claims and seeks many additions to and corrections in the finding. There is no reason why we should in this case depart from the established rule that ordinarily we will not consider any claims of law not made at the trial. The claims so made, as they are stated in the finding, present a narrow issue and one which may be determined upon the basis of findings of fact which are not attacked.

The plaintiff entered into a contract with the treasury department of the United States government for the construction of a post-office building in New Britain. The work was to be done in accordance with certain specifications and plans furnished by the government. The contract required the use of a considerable amount of granite in blocks. The specifications with reference to the stone work provided (section 261) that cutting and setting drawings should be submitted in triplicate to the supervising architect and that no stone should be cut until such drawings were approved. The plaintiff solicited bids for furnishing the stone required and doing the granite work on the building. On August 19th, 1931, it wrote a letter to the defendant which begins: "This agreement between the Brennan Stone Company and The New England General Contracting Company made this nineteenth day of August, 1931;" and then goes on to state that the stone company "is to furnish and deliver Granite to the building site, namely the United States Post Office, New Britain, Conn., for the sum of Five Thousand Dollars ($5000.00). This work is to be according to the plans and specifications as specified in paragraphs 257 to 283 inclusive." Both parties signed this

letter. The defendant at the time it was written was fully acquainted with the plans and specifications. It submitted certain drawings showing the size and position of the stones to be laid, but these were approved by the supervising architect only subject to certain corrections made on them. Thereupon the defendant notified the plaintiff that the changes would result in additional expense to the amount of $750. The plaintiff submitted the matter to the officials of the treasury department, but the claim of the defendant for extra compensation was refused. The defendant, informed of this, notified the plaintiff that it would not perform the contract. The plaintiff thereupon entered into a contract with another company under which the stone was furnished and placed, at a cost of $6325. It brought this action to recover the difference in the amount so paid and the price named in the letter to the defendant, with certain additional expense to which it had been put.

The only claims made by the defendant at the trial were to the effect that the parties never entered into a binding contract. The defendant contended that the letter of August 19th, 1931, was merely an offer which would ripen into a contract only when unconditionally accepted, that there was only a conditional acceptance which was in effect a counter offer, met in turn by the defendant by an increase in the amount of its bid to $5750, which the plaintiff never accepted; or, in the alternative, if the letter constituted a contract, that it was upon a condition precedent, that is, the approval by the supervising architect, of the drawings submitted by the defendant, a condition which was not fulfilled by the qualified approval given them. It is, of course, quite conceivable that the defendant might have made an offer to supply and place the granite conditioned upon the approval by the architect of the drawings it

might submit or that it might have made a contract conditioned upon such approval. The trial court has concluded, however, that the letter was a contract and has not found that this contract was one upon a condition. We are not asked to add to the finding a statement that the letter constituted a contract upon a condition, and while the defendant does attack the finding that it did constitute a contract, none of the testimony printed in the record bears upon the issue so raised. We must therefore regard the letter as expressing the whole intent of the parties and determine that intent from construing it in the light of the specifications referred to in it and the plans of the government for the work upon the building.

It is true that, as the defendant claims, the plans submitted to the defendant, drawn to a small scale, did not accurately indicate the size of the stone to be used at the corners of the building and for window jambs, the portions of the work in regard to which the supervising architect refused to approve the defendant's drawings. The situation is not, therefore, one where the defendant submitted drawings which corresponded with the specifications and plans of the government, but one where, not knowing precisely what would be required, and without inquiry, it made its drawings in the hope that they would be approved. It thereby subjected itself to the possibility that those drawings, though conforming generally to the plans for the building, would not be approved in detail. The provision in the specifications requiring the submission of such drawings and providing that no stone should be cut until they were approved by the supervising architect, gave to him the right to refuse to approve the plans submitted, certainly so long as he required nothing creating a substantial departure from the design of the building as planned. The obligation

assumed by the defendant in the letter was not only to furnish the stones required for the building, but to submit drawings for cutting and setting them which would be approved. The changes made in the drawings by the architect were in accord with the general design of the building and he had the right to refuse to approve them unless they were changed in the manner he specified. The letter, as the trial court concluded, constituted a complete contract, without condition. When the defendant failed to furnish the stone in accordance with drawings submitted by it and approved by the architect, it breached that contract and incurred a liability to the plaintiff for the resulting damages.

There is no error.

In this opinion the other judges concurred.