RANDOLPH CONSTRUCTION COMPANY *v.* KINGS
EAST CORPORATION

KINGS EAST CORPORATION *v.* RANDOLPH
CONSTRUCTION COMPANY

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued June 6—decided July 11, 1973

*John J. Darcy,* for the appellant (defendant) in the first case and the appellant (plaintiff) in the second case.

*William M. Ivler,* for the appellee (plaintiff) in the first case and the appellee (defendant) in the second case.

LOISELLE, J.  The Randolph Construction Company, the appellee in both cases, hereinafter referred to as Randolph, brought suit for work and services performed for Kings East Corporation, the appellant in both cases, hereinafter referred to as Kings.  Thereafter, Kings claimed damages as a result of Randolph's breach of a written contract. The trial court found the issues for Randolph in both cases and Kings has appealed in both cases. The parties agree that a resolution of the issues presented on appeal in the first case will control the disposition of both cases.

Kings has assigned error in several of the court's conclusions.  The trial court's conclusions are tested by the finding.[1] *State* v. *Villafane,* 164 Conn. 637, 325 A.2d 251; *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645.

The finding reveals the following facts which are relevant to the claims of the appellant:  Kings is a corporation engaged in the business of building

---

[1] The appellant assigns error in the finding and specifically attacks the court's failure to find material facts as set forth in thirty-one paragraphs of the draft finding.  Seven of these paragraphs were in fact found or were implicit in the finding.  A finding need not be in language identical with the draft finding.  *Walsh* v. *Turlick,* 164 Conn. 75, 316 A.2d 759; *Aczas* v. *Stuart Heights, Inc.,* 154 Conn. 54, 55, 221 A.2d 589.  Of the remaining paragraphs, thirteen were not mentioned in the appellant's brief or the appendix to its brief.  To secure an addition to the finding the appellant must point to some part of the appendix, the pleading or an exhibit properly before us which discloses that the defendant admitted the truth of the fact or that its validity was conceded to be undisputed. *Gordon* v. *Indusco Management Corporation,* 164 Conn. 262, 320 A.2d 811; *Stoner* v. *Stoner,* 163 Conn. 345, 347, 307 A.2d 146.  Six additional

residential multifamily buildings. Randolph is a corporation engaged in masonry and allied construction work. Prior to August 5, 1970, Frank Mazza, a consultant to Randolph, reviewed a set of plans and job specifications prepared by Kings' architect for a masonry project to be performed for Kings and recommended a bid price to Anthony Raiti, vice-president of Randolph, who also reviewed the plans and specifications. On August 5, 1970, Raiti and Paul Lauer, vice-president of Kings, met at Lauer's office. During the meeting, Lauer discussed changes in the plans and indicated these changes by red crayon markings on the architect's drawings. No clear and definite understanding of these alterations existed between the parties at the end of the meeting. Before parting, the parties, in their representative capacities, executed a writing. After signing, both Lauer and Raiti believed that Randolph "had the contract" to do the masonry work for Kings. The writing provided in part that Randolph would undertake certain masonry work and supply materials on Kings' job site "in accordance with the plans, specifications, drawings, details and information (collectively 'Plans') prepared by James Evans

---

paragraphs which the court failed to find, while briefed and supported in the appendix to the appellant's brief, were in dispute. A fact is not admitted or undisputed merely because it has not been contradicted. Practice Book § 628 (a); *Malarney* v. *Peterson,* 159 Conn. 342, 344, 269 A.2d 274. The remaining five paragraphs were shown to be admitted in the appendix to the appellant's brief and, where material, have been added to the facts.

The appellant also assigns error in thirteen of the trial court's findings. Two of these findings constitute conclusions; *Gary Excavating, Inc.* v. *North Haven,* 164 Conn. 119, 318 A.2d 84; *Buckley* v. *Webb,* 143 Conn. 309, 315, 122 A.2d 220; and viewed as conclusions, they are consistent with the facts found. The remaining assignments of error do not claim that the court's findings were found without evidence and therefore do not present reviewable questions. Practice Book § 622; *Dargie* v. *Hartford,* 150 Conn. 261, 263, 188 A.2d 491.

dated August 5, 1970, architect ('Architect') which plans have been initialed by the parties hereto and made a part hereof." While the parties did initial some job specification sheets, no " 'Plans' prepared by James Evans and dated August 5, 1970," existed on that date and no such plans were then or thereafter ever initialed by the parties.

On August 19, 1970, Randolph's lawyer wrote Kings asking for a copy of the revised plans. Kings replied that the plans would be ready shortly. On August 27, 1970, Randolph wrote Kings that since the "agreement between (the parties) is incomplete and . . . there was no full meeting of the minds as to the work that was to be performed by . . . [Randolph . . . Randolph] considers that there is no agreement . . . and that the document executed August 5, 1970 . . . in failing to reflect the work to be performed, is a nullity." No plans bearing the date August 5, 1970, were in existence until the latter part of September, 1970. Kings never asked Randolph to initial any plans, nor did Kings ever give any plans to Randolph. The final plans prepared in late September differed substantially from the revised plans produced by Lauer in his meeting with Raiti on August 5, 1970.

At Kings' request, Randolph commenced work on September 30, 1970, and continued to perform work and supply materials to Kings until some time in November, 1970. As a result of nonpayment by Kings, Randolph withdrew from the job and on November 17, 1970, instituted an action for compensation for labor and materials rendered.

Kings has assigned error essentially in three of the court's conclusions. The conclusions reached by the trial court are tested by the finding and must

stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *State* v. *Villafane,* 164 Conn. 637, 325 A.2d 251; *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500; *Connecticut Bank & Trust Co.* v. *Bovey,* 162 Conn. 201, 205–6, 292 A.2d 899.

Kings first assigns error in the court's conclusion that the final plans as actually drawn differed substantially from the work and plans considered by the parties at the meeting on August 5, 1970. This conclusion is supported by the trial court's finding that the final plans added drawings of fireplaces and the garage exterior, substantially increased the size of piers for the garage and also deviated from the plans as revised by Lauer on August 5, 1970, in nomenclature and cross-reference designations. The issue of substantiality, a determination of whether the enumerated differences in the final plans were substantial, is a question of fact which depends on a consideration of the circumstances. See *Anderson* v. *Yaworski,* 120 Conn. 390, 399, 181 A. 205; *Chinigo* v. *Ehrenberg,* 112 Conn. 381, 384, 152 A. 305; *West* v. *Suda,* 69 Conn. 60, 63, 36 A. 1015. The factual issue includes in this case the total undertaking covered by the writing, the amount of work affected by the alterations and the net change in the cost of performance. In dealing with contract provisions allowing alterations or modifications, an appropriate standard for substantiality is whether such changes unreasonably alter the character of the work or unduly increase its cost, or effect such a material change as to constitute a radical departure from the original contract. *Cook County* v. *Harms,* 108 Ill.

151; *Annapolis & B. Short Line R. Co.* v. *Ross,* 68 Md. 310, 11 A. 820; 13 Am. Jur. 2d, Building and Construction Contracts, § 17. The contents of the two sets of plans on which the trial court based its decision were made a part of the finding. From an examination of these plans and a review of the finding it cannot be said that the court's conclusion was legally and logically inconsistent with the finding.

Kings next asserts that the trial court erred in concluding that the writing dated August 5, 1970, and signed by the parties was substantially incomplete and a nullity. The question presented by this assignment of error is whether a contract which incorporates documents not yet in existence binds the parties despite substantial changes in the documents when later prepared. Generally, incorporation by reference of existing documents produces a single contract which includes the contents of the incorporated papers. "Where . . . the signatories execute a contract which refers to another instrument in such a manner as to establish that they intended to make the terms and conditions of that other instrument a part of their understanding, the two may be interpreted together as the agreement of the parties." *Batter Building Materials Co.* v. *Kirschner,* 142 Conn. 1, 7, 110 A.2d 464; *Greenwich Plumbing & Heating Co.* v. *A. Barbaresi & Son, Inc.,* 147 Conn. 580, 583, 164 A.2d 405. In the absence of an express provision, incorporated documents may neither expand nor restrict the obligations of the parties under the basic contract. *Cruthers* v. *Donahue,* 85 Conn. 629, 631, 84 A. 322. The documents incorporated need not be attached to the contract nor signed or initialed unless the contract so requires. *Batter*

*Building Materials Co.* v. *Kirschner,* supra, 5-7; *McCaffrey* v. *Groton & Stonington Street Ry. Co.,* 85 Conn. 584, 84 A. 284; 17A C.J.S., Contracts, § 327 (2). While Kings never requested Randolph to initial any plans bearing the date of August 5, 1970, as required by the contract, two further factors support the trial court's conclusion. No plans dated August 5, 1970, were in existence at the time the contract was signed, and when plans were later prepared, after a letter of rejection by Randolph, they differed substantially from those in existence at the time of the meeting.

It may be argued that a contract which incorporates nonexisting documents is valid on the condition that the documents be in existence before either party attempts to enforce performance; 4 Williston, Contracts (3d Ed.) § 581; and in some instances, the law will uphold performance requirements beyond those apparent in the plans or specifications of a building contract. See *New England General Contracting Co.* v. *Brennan Stone Co.,* 119 Conn. 296, 175 A. 921. Where the specifications are altered, however, without the knowledge or understanding of the party to be bound, or when the documents on which the knowledge of one party is based are incomplete, so that the parties do not share a mutuality of assent, the contract as written will be held invalid. *West* v. *Suda,* supra; *Lovell* v. *Altus,* 118 Okla. 106, 246 P. 468; *Nolan Bros., Inc.* v. *United States,* 266 F.2d 143 (10th Cir.). In this case, the finding supports the court's conclusion that the writing executed on August 5, 1970, by Raiti and Lauer was incomplete and was therefore a nullity.

The appellant's final assignment of error addresses itself to the court's conclusion that the

parties did not enter into a binding contract on August 5, 1970, or at any other time. Whether a contract exists is a question of fact for the court to determine. *Molloy* v. *Rourke,* 83 Conn. 196, 199, 76 A. 517. In the solution of the issue of fact thus presented, the credibility to be accorded the testimony of the persons involved was controlling. "After hearing the disputed versions concerning the contract, the trial court has resolved the issue . . . and that determination cannot be disturbed." *Bridgeport Pipe Engineering Co.* v. *DeMatteo Construction Co.,* 159 Conn. 242, 249, 268 A.2d 391.

There is no error in the first case. Accordingly, as conceded by the parties, there is no error in the second case.

In this opinion the other judges concurred.