[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (115)
In this action in which plaintiff seeks money damages and other relief, plaintiff has set forth her cause of action in four counts.
The first count alleges a wrongful discharge in retaliation for plaintiff exercising her rights under the Workers' Compensation Act in violation of General Statutes Section31-290a. In the second count, a wrongful termination of contract is alleged and the third count a breach of implied covenant of good faith and fair dealing. The fourth count alleges defamation.
The pleadings having been closed, defendants have moved for summary judgment on all counts. Plaintiff has consented to summary judgment on the fourth count but has objected on all other counts. For reasons hereinafter stated, summary judgment is CT Page 238 denied as to the remaining counts.
The rules require that summary judgment be granted forthwith "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book Section 384. The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. The court must view the evidence in the light most favorable to the nonmovant. In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Barkowski, 206 Conn. 495, 500
(1988).
In the first count of the complaint, it is alleged that plaintiff was wrongfully discharged from her employment because she filed a worker's compensation claim. She claims that her discharge was in violation of General Statutes Section31-290a(a) which provides:
 (n)o employee who is subject to the provisions of this chapter shall discharge. . .any employee because the employee has filed a claim for worker's compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.
Section 31-290a(b) allows an employee who claims to have been so discharged to bring a civil action for a violation of the statute.
Plaintiff alleges that defendants violated her rights under General Statutes Section 31-290a "in that their acts and omissions constitute a relatiatory discharge and discrimination against the plaintiff for exercising her rights afforded to her pursuant to the Connecticut Workers' Compensation Act." Defendants argue that they relieved plaintiff of her managerial position because they needed someone with a broker's license in that position, which plaintiff lacked. The affidavit of Michael Meenahan is evidence in support of defendant's position and raises a material question of fact.
Defendants' reasons for discharging plaintiff are questions of motive and intent. Defendants' motive and intent are questions of fact which must be determined from the evidence.
Summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feeling and CT Page 239 reaction. Nolan v. Borkowski, supra, 505, (quoting Batick v. I Seymour, 186 Conn. 632, 646-47, 443 A.2d 471 (1982)).
A material question of fact exists with respect to the first count. This question can be resolved only by a trier of facts and not by summary judgment. For this reason, summary judgment must be denied on the first count.
In the second count of her complaint, plaintiff alleges that her employment contract with the defendant was wrongfully terminated. The plaintiff asserts that an addendum to her independant contractor contract, with the defendant, created a contract and obligations between the parties concerning plaintiff's position as general manager. Plaintiff further alleges that her termination by the defendants was done with malice and bad faith. Defendants argue that the only contract between the corporate defendant and plaintiff was in regard to her former position as assistant manager and independant contractor.
The pertinent language of the addendum to the written agreement between plaintiff and the corporate defendant states that:
 (i)t is further understood at such time as the Company opens another Real Estate Office, you will be immediately appointed Manager of the Niantic Office. At that time a new employment agreement will be executed, including a change of your status to full time employee with a starting salary of $18,000. Other details to be worked out between parties at the appropriate time.
Whether or not a contract exists is a question of fact. Gianetti v. Norwalk Hospital, 211 Conn. 51, 58 n. 6,557 A.2d 1249 (1989); Randolph Construction Company v. Kings East Corporation, 165 Conn. 269, 277, 334 A.2d 464 (1973).
The defendants have not met their burden of proving the absence of a factual dispute with respect to the existense of a contract for the managerial position. The parties view the above quoted addendum in a different light. The existence of a contract between the parties concerning the manager's position is still in dispute. An issue of material fact with respect to the agreement is in dispute, therefore, the motion for summary judgment as to the plaintiff's second count must be denied.
In count three of her complaint, plaintiff alleges that the defendants' breach of the employment contract amounts to a breach by the defendants of the implied covenant of good faith CT Page 240 and fair dealing. Plaintiff further alleges that defendants' breach of the implied covenant of good faith and fair dealing contravenes public policy in that plaintiff was discharged without pay on the grounds of a physical disability. Defendants claim that the covenant of good faith and fair dealing is not applicable to this case since there was no contract and the plaintiff was an at-will employee.
The implied convenant of good faith and fair dealing "is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." Magnan v. Anaconda Industries, Inc., 193 Conn. 558,567, 449 A.2d 781 (1984). In Magnan v. Anaconda Industries, Inc., supra, the court was asked to adopt the implied covenant of good faith and fair dealing in order to limit an employer's right to discharge an at-will employee. The court refused to do so.
In this case, however, no determination may be made concerning the covenant of good faith and fair dealing unless the issue of the existence of an employment contract is first resolved. Since there are issues of material fact in dispute as to the employment contract, summary judgment cannot be granted on the third count.
Accordingly, the motion for summary judgment is denied.
PURTILL, J.