[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendant's motion for summary judgment.
The plaintiff, in her complaint, alleges that she was discharged in retaliation because she expressed concerns about the defendant's billing practices. She also alleges that the defendant breached an agreement involving continued medical insurance which is not addressed by this motion before the court.
There was no written contract of employment. Two questions are raised by the defendant's motions: the existence or nonexistence of an implied contract of employment, and the termination or resignation of the plaintiff by the defendant.
It is axiomatic that summary judgment is to be granted only if there is no genuine issue as to any material fact. Practice Book, Sec. 384. The burden is upon the movant to show that there is no material fact in dispute.
Defendant denies that the plaintiff was ever fired, but rather she was offered a position other than the one I which she had previously held. The plaintiff argues that transfer was, in effect, a firing and that this was in retaliation. Further, plaintiff contends the actions by the defendant created an implied contract of employment.
The existence of a contract has been found by our courts to be a question of fact. Gianetti v. Norwalk Hospital, 211 Conn. 51, CT Page 1133 58 n. 6 (1989); Randolph Construction Co. v. Kings East Corporation, 165 Conn. 269, 277 (1973).
Further an at will employee may maintain a cause of action because of retaliatory discharge. Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471 (1980). "`It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions.'" Nolan v. Borkowski, 206 Conn. 495, 505 (1988).
Because issues of material fact still remain as to the existence of an implied contract, and as to the termination and/or resignation of the plaintiff, the motion for summary judgment is denied.
MIHALAKOS, J.