# City of Dawson Springs v. Miller Coal & Contract Company.

(Decided November 13, 1913).

## Appeal from Hopkins Circuit Court.

Contracts—Meeting of Minds Necessary to Make Contracts.—Where a city advertised for bids to install a sewerage plant, and a con-

tractor put in a bid stating the amount for which he would do all the work, as well as the sum for which he would do each unit of the work, and the city, understanding his bid to mean that he would do the work at the prices named for each unit and not at the price named for the whole work, accepted the bid, the contractor had the right to refuse compliance with the contract when he understood his bid to mean that he was to be˙ paid for the work the total sum named in his bid and not the unit prices. In such a state of case the minds of the parties did not meet. The bid made by the contractor was not accepted, and the city should return to him the money deposited as a forfeit that he would exe. cute the contract if his bid was accepted.

C. J. WADDILL for appellant.

GORDON, GORDON & COX for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The City of Dawson Springs, desiring to install a sewerage system, advertised for bids.   The appellee company was one of several bidders, and in compliance with the advertisement for propositions deposited with its bid $500, to be forfeited if it failed to perform any of the conditions contained in the advertisement, in the event its bid was accepted.   One of these conditions was that an accepted bidder should execute a bond for the faithful performance of the contract.   After the bids had been received the appellee was notified by the clerk of the sewerage commission that its bid had been accepted.   A few days afterwards, and before the contract had been entered into, the commission discovered that the proposal of appellee was open to two constructions and notified appellee that it understood the bid to mean that the work would be done for certain prices named in the bid.   The appellee, however, did not so understand or construe its bid, and declined to accept the construction placed on it by the sewerage commission. When this condition developed appellee refused to execute a bond for the performance of the work, and thereupon the sewerage commission let the work to the next lowest bidder and declared forfeited the $500 which appellee had deposited.

The result of this misunderstanding was that the appellee brought suit against the city to recover the $500 it had deposited and also $1,231, the profit it alleged it would have made on the contract.

To this petition the city filed an answer and counterclaim seeking to recover from appellee $2,000 in dam-

ages. On hearing the case the lower court entered a judgment directing the city to return to appellee the $500 and declined to allow the city anything on its counterclaim. From this judgment the city prosecutes this appeal.

It appears from the evidence that the sewerage commission sent printed instructions and also printed form of bids to different contractors, but the president of the appellee company testifies that he did not receive the instructions. The specifications pointed out in detail the different kinds of work to be done and provided that the bidder should state the price for which he would do each item of work. For example, the excavation of earth per cubic yard was one item and the excavation of rock per cubic yard was another item. The proposal submitted by appellee stated the price at which it would do each item of work contained in the specifications, but in closing up its proposal it stated that it would do all of the work for the sum of $3,458.40, and its proposal to do the work for this round sum was accepted by the commission, as appears from a letter written by the clerk of the commission. It also appears that the price at which appellee proposed to do the work, as stated in its offer following each item, was much less than the sum for which it agreed to do it as a whole.

It is also made quite plain from the evidence that the sewerage commission contemplated in the specifications and the instructions that the contractor should be paid so much for each unit of work and not a sum total for the whole work. In other words, the idea of the sewerage commission was that the bidders should specify the price at which they would do the earth excavation per cubic yard on estimates furnished by the sewerage engineer and be paid this specified price for each cubic yard of excavation, whether it was more or less than the estimate, and so with the other items constituting the work. It is also quite plain from the evidence that the appellee company, while it specified in its proposal the price it would charge for each unit, understood that its bid was the total sum at which it proposed to do the work. Evidently the parties to this controversy did not understand each other when the offer was made and accepted. There was no meeting of minds. Under the circumstances we think the lower court correctly solved the difficulty by requiring the city to return the deposit of $500, thus putting the parties where they started.

The judgment is affirmed.