## LOVELL v. CITY OF ALTUS et al.

No. 15472—Opinion Filed Sept. 15, 1925.

On Rehearing, May 25, 1926.

**1. Equity—Mistake—Relief from Injustice.**

Where a mistake is of so fundamental a character that the minds of the parties have never, in fact, met, or where an unconscionable advantage has been gained by mere mistake or misapprehension, and there is no gross negligence on the part of the plaintiff, either in falling into the error or in not sooner seeking redress, and no intervening rights having accrued, and the parties may still be placed in statu quo, equity will interfere at its discretion to prevent injustice.

**2. Same—Rescission Regardless of Covenants.**

The equitable right to rescind an agreement which has been entered into upon a mutual mistake as to material facts, knowledge of which would have prevented the parties from making it, is not to be defeated by reason merely of the stringency of the covenants which it contains.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Jackson County; Thomas A. Edwards, Assigned Judge.

Action by City of Altus against the City National Bank of Altus and W. D. Lovell to recover general damages. Judgment for plaintiff and defendant W. D. Lovell appeals. Reversed.

Shirk, Danner & Mills and D. S. Levy, for plaintiff in error.

L. A. Pelley, City Atty., E. E. Gore, and P. K. Morrill, for defendants in error.

Opinion by FOSTER, C. This was an action originally instituted in the district court of Jackson county by the city of Altus, and involved a controversy between said city and the City National Bank of Altus over the ownership of a cashier's check which one W. D. Lovell had indorsed with directions to pay the proceeds thereof to the city of Altus, in the event he should fail to enter into a contract with the city of Altus, according to his proposal, for the construction of certain extensions and improvements which the city of Altus desired to make on its waterworks system.

At the time the suit was originally filed by the city of Altus against the City National Bank, W. D. Lovell was, and still is a resident of the state of Minnesota. The bank appeared and filed a disclaimer, disclaiming any interest in the proceeds of said check but alleging that W. D. Lovell had stopped payment thereon and prayed that Lovell be impleaded in the action. Lovell thereupon appeared and set up title to the proceeds of the check, claiming, among other things, that his bid having been accepted by the city of Altus under a mutual mistake of fact, he was entited to have his bid rescinded.

The cause was tried to the court without the intervention of a jury, which rendered a general judgment in favor of the city of Altus for the amount represented by said cashier's check, and denying and refusing the claim of Lovell thereto. Motion for a new trial was filed by the defendant Lovell, heard and overruled, and the matter comes on regularly to be heard in this court on appeal by the defendant Lovell.

Two specifications of error are relied on by the plaintiff in error for a reversal of the case, which are as follows: First, the decision and judgment of the court is contrary to the law and evidence; second, the court erred in sustaining the demurrer of the plaintiff to the sixth and eighth paragraphs of the amended answer of the defendant Lovell.

Under these two specifications of error several propositions of law are discussed by the plaintiff in error in his brief, but in our view of the case the one controlling question is whether the trial court was supported by the law and the evidence in finding that the plaintiff in error was not entitled to rescind his bid and recover his deposit.

It is true that the action as originally filed by the defendant in error, city of Altus, sounded in general damages but the trial court very properly held, we think, that the amount of the cashier's check was in the nature of liquidated damages, thus limiting the amount to be recovered by the defendant in error, in the event it was entitled to recover anything, to the amount of said check, and the trial court disposed of the controversy, upon a consideration of the equitable claim of right in plaintiff in error to rescind his bid and recover the deposit on the ground of a mutual mistake of the parties. No appeal has been taken by the defendant in error, city of Altus, from the adverse ruling of the trial court against it, in connection with its asserted right to recover general damages. Therefore, the only question before this court for review is whether the trial court, under the law and the evidence in the case, erred in disallowing the equitable defense interposed by the plaintiff in error of mutual mistake of the parties by which it is asserted that plaintiff in error had the right to rescind his bid.

The city of Altus adopted plans and specifications for an extension of its waterworks system and filed them with the city clerk of said city. Prospective bidders were required to make out their bids on special blanks furnished by the engineer of the city. In the special proposal blanks there was a provision that the bidder had satisfied himself as to the amount and character of the work and material necessary to complete the job according to plans, specifications, and contract adopted by the city of Altus on the second day of April, 1919, on file in the office of the city clerk.

The plaintiff in error, desiring to bid on the proposed improvement, sent his agent to the city of Altus to look over the ground with a view to making a bid. While there he called at the office of the city clerk to inspect the plans and specifications, presumably on file in that office, but was told that the same had been lost or mislaid and the clerk directed him to apply to the Benham Engineering Company at Oklahoma City for a copy of the plans and specifications, and gave the agent a letter requesting the Benham Engineering Company to furnish him a copy thereof. The Benham Engineering Company were agents of the

city of Altus. The plaintiff in error's agent thereupon went to Oklahoma City and received what purported to be a copy of the plans and specifications on file in the office of the city clerk, returned from Oklahoma City the next day, computed his bid, attached the copy of the plans and specifications received from the engineering company thereto, and filed the same with the city clerk.

On the 21st day of April, 1919, the bids were opened at a meeting of the city council of Altus and the plaintiff in error appearing to be the lowest and best bidder, the contract was awarded to him upon his bid of $84,813.50. He thereupon returned to Oklahoma City, accompanied by a representative of the engineering company, for the purpose of executing a contract. In Oklahoma City, when the contract was tendered to him, plaintiff in error's agent discovered that the purported copy of the plans and specifications which had theretofore been furnished him were three sheets short, and that he had placed his bid upon these short specifications.

He declined to enter into a contract containing the requirements called for in the three missing sheets, notifying the plaintiff in error in Minnesota, who later and after unsuccessful effort to reach some satisfactory agreement with the city council rescinded his bid and demanded the return of the $5,000.

The unsuccessful negotiations referred to above consisted in the acceptance by the city council of a report of the engineering company allowing the plaintiff in error a raise of something in excess of $5,000 in his bid to take care of the requirements called for in the three missing sheets, the forwarding of this report to the plaintiff in error in Minnesota, letters by the mayor and city attorney of Altus to the plaintiff in error dealing with the discrepancies in the plans and specifications, the proceedings of certain meetings of the city council had during these negotiations, and the reply of the plaintiff in error declining the proposition as submitted.

It was the opinion of the trial court, in certain oral statements made by him during the trial, that the plaintiff in error made his bid on the short plans furnished him by defendant in error's agent, Benham Engineering Company, as appears from the following remark:

"There seems to be no controversy but what the court would find that the plans presented by the Benham Engineering Company were short and that the defendant, Lovell, then made his bid on the short plans that I mentioned, if I may designate it as such."

It appears that the three missing sheets in the specifications, for the most part, had to do with the mixture of cement, sand, and gravel to be used in the general concrete work, and with a general requirement that the contractor use a waterproofing material thereon.

As to the materialty of these requirements the plaintiff in error testified that an additional outlay of some $11,000 would be required to meet these requirements and the agents of the defendant in error, city of Altus, must have so considered it in view of their willingness to allow the plaintiff in error the sum of $5,579.14, in addition to the sum which he had bid.

In this state of the record, the trial court found, as a matter of law, that the plaintiff in error bid at his peril by reason of his having expressly stated in his proposal and bid that he had personally examined the location and condition of the work to be done, and had satisfied himself as to the amount and character of the work, material, machinery, tools, and labor necessary to complete the job according to plans, specifications and contract adopted by the city of Altus on the second day of April, 1919, and on file in the office of the city clerk, and thereby forfeited the proceeds of the cashier's check as liquidated damages. With this conclusion we cannot agree.

There is no showing of negligence on the part of the plaintiff in error that would bar his right to equitable relief. The responsibility for the safekeeping of the original plans and specifications rested upon the city of Altus. The temporary loss of these plans and specifications which occasioned the trip of plaintiff in error's agent to Oklahoma City to obtain copies thereof, was the fault of the defendant in error. While the omission of the three sheets in the copies furnished plaintiff in error by the engineering company was no doubt due to an honest mistake and oversight on the part of the engineering company, it was nevertheless a mistake to the making of which the plaintiff in error had not contributed, and a court of equity would be slow to visit the consequence of such mistaken upon a party who had nothing to do with bringing it about, or to allow a party to profit by a mistake which his own conduct had invited.

The conclusion is obvious that when the bid was accepted, plaintiff in error, without negligence on his part, had in mind the

short specifications and the city of Altus had in mind the long specifications. Each party had in mind a materially different idea of the specifications. There was, therefore, a material mistake of fact going to the very essence of the bid and the contract was wanting in mutual consent.

The power of a court of equity to rescind or cancel a contract entered into while one party labors under a mistake as to a fact of impelling importance to him in entering it, is clearly recognized by the authorities.

In Story's Equity Jurisprudence, vol. 1. section 138 (10th Ed.) it is said:

"But where the mistake is of so fundamental a character that the minds of the parties have never, in fact, met, or where an unconscionable advantage has been gained by mere mistake or misapprehension; and there was no gross negligence on the part of the plaintiff, either in falling into the error or in not sooner seeking redress; and no intervening rights have accrued; and the parties may still be placed in statu quo; equity will interfere in its discretion to prevent intolerable injustice."

We cite below a number of authorities where successful bidders on public improvements were granted relief by way of the cancelation of their bids on the ground of a ruinous mistake made in estimating the bid where the contractor was the direct cause of the mistake being made. Moffet, Hodkins & Clark Co. v. City of Rochester, 178 U. S. 373; Joseph Balaban Company v. City of New York, 149 N. Y. S. 954; City of Dawson Springs v. Miller Coal & Contract Company (Ky.) 160 S. W. 495; St. Nicholas' Church v. Kroop (Minn.) 160 N. W. 500; Kutsche v. Ford (Mich.) 192 N. W. 714; Bromagin & Company of Bloomington (Ill.) 84 N. E. 700; Board of School Commissioners of City of Indianapolis v. Bender, 36 Ind. App. 164.

In Board of School Commissioners of the City of Indianapolis v. Bender, supra, the Supreme Court of Indiana said, quoting with approval the following rule from Kent's Commentaries, vol. 2, sec. 477:

"Mutual consent is requisite to the creation of a contract and it becomes binding when a proposition is made on one side and accepted on the other; and on the other hand, it is no contract if there be an error or mistake of fact * * * going to the essence of it."

The case at bar presents a much stronger case for equitable interference than any of the cases above cited for the reason that the defendant in error, city of Altus, primarily invited the mistake made by the plaintiff in error in bidding upon the short plans, in that it was through its representatives and the acts of its officers and agents that the plaintiff in error received the erroneous plans upon which his bid was based. The fact that in the proposal or bid, which the plaintiff in error made to the city of Altus, there was a stipulation that the plaintiff had examined the plans and specifications on file in the office of the city clerk cannot, we think, operate to prevent plaintiff in error from rescinding his bid if such bid in fact, was based upon an honest mistake of fact.

This question is throughly considered and discussed in the case of Long et al. v. Inhabitants of Athol (Mass.) 82 N. E. 665, by the Supreme Judicial Court of Massachusetts.

The case there under consideration was very similar to the case at bar. In that case plans and specifications in accordance with which the contract was to have been made had been taken from the files from the town clerk of Athol and the contract was based on estimates furnished by an engineer or employee of the defendant town. The defendant contended that there was no right of rescission by reason of inaccurate estimates because among other things defendant expressly convenanted and contracted to do the work in strict accordance with the maps, drawings, specifications, etc., on file with the city clerk, which were to be considered as part and parcel of the contract. The court in considering the proposition held as follows:

"The equitable right to rescind an agreement which has been entered into upon a mutual mistake as to material facts, knowledge of which would have prevented the parties from making it, is not to be defeated by reason merely of the stringency of the convenants which it contains."

It is contended that the evidence in this case of mutual mistake is not clear, convincing, or unequivocal within the rule laid down by the authorities, and that for this reason, relief by way of rescission and cancellation should be denied to the plaintiff in error.

It is not necessary, in order to justify a court of equity in granting equitable relief by way of cancellation, that the proof of mutual mistake should be so clear and convincing as to be beyond all possibility of controversy. It is only necessary that it should be convinced of the existence of such mistake to a moral certainty beyond reasonable controversy. Cantrell v. O'Neill, 109 Okla. 238, 235 Pac. 232.

It is our conclusion, from an examination of the entire record, in the light of the opinion of the trial court as disclosed by oral statements made in the record, that it was established by the evidence, beyond reasonable controversy, that the plans presented by the engineering company were short three sheets, and that the plaintiff in error made his bid on the short plans. The argument that the plaintiff in error was negligent in not going to the engineering company for instructions concerning the concrete mixture and waterproofing required by the missing sheets, instead of relying upon his own judgment as to the proper mixture, is untenable.

The plaintiff in error received from the engineering company what purported to be complete copies of the plans and specifications on file with the city clerk. The error, as we understand it, arose, not because the specifications furnished were open to two constructions as to the quality or quantity of the material, but because they omitted to supply any information whatever as to the proportions of the mixture to be used in general concrete work.

Some cases hold that where the specifications are open to two constructions and the contractor adopts one construction in good faith, he is not precluded from rescinding his bid where the other construction would materially reduce the amount of his bid. City of Dawson Springs v. Miller Coal & Contract Company (Ky.) 160 S. W. 495, supra.

The vice of the plans and specifications furnished plaintiff in error in the instant case was not that they were ambiguous and open to different constructions, but that the engineering company furnished plans omitting to include material parts thereof. The omission of these parts was a matter of which the plaintiff in error had nothing to do.

There remains for consideration the question of estoppel. We do not think the doctrine of estoppel by ratification urged by the defendant in error applicable to the instant case. We have already reached the conclusion that the plaintiff in error filed his bid under an honest mistake of fact occasioned through the fault of the representatives and agents of the defendant in error, as a result of which plaintiff in error is entitled to have his bid rescinded.

The fact that after this mistake was discovered, plaintiff in error evinced a willingness to perform the proposed work for the city at the prices named in his bid based on the short plans, is not, we think, inconsistent with an intention to rescind the bid should his attempt to get on a working basis with the city fail.

While it is true that a party having just cause for the rescission of a contract should act with reasonable promptness, an unsuccessful attempt by the parties to get together upon some new basis discloses merely a recognition by both parties of a miscarriage of the original agreement and the delay thus occasioned does not, we think, involve any principle of estoppel by ratification.

The subsequent negotiations rather tended to show, we think, that both parties recognized that no contract had ever been made, and the argument that the letters and documents by which these negotiations were evidenced were inadmissible, in that they were mere offers of compromise, is untenable.

It follows that the judgment of the trial court must be reversed and the cause remanded with directions to the trial court to set aside its judgment and enter judgment in this cause in favor of the plaintiff in error against the city of Altus and the City National Bank for the sum of $5,000, interest on said sum from April 21, 1919, and all costs, including costs of case-made on this appeal.

By the Court: It is so ordered.

LESTER, J. On rehearing, the court finds from an examination of the record in this case, and the authorities submitted thereon, that the plaintiff in error is not entitled to the recovery of any interest, and the same is disallowed, and the original opinion is modified in this respect; otherwise said opinion is in all things adhered to.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, PHELPS, and HUNT, JJ., concur.

We dissent from the conclusions reached in the original opinion in their entirety, and concur in the memorandum opinion only wherein the interest is disallowed.

RILEY and CLARK, JJ.

Note.—See under (1) 21 C. J. p. 86. § 62. (2) 21 C. J. p. 88, § 63.