The plaintiff, engaged in the business of conducting surveys of real property, brought an action against the defendant, a land developer, for breach of contract. The plaintiff claims that the defendant hired it to set up and conduct a survey of a tract of land in Trumbull and then refused to pay for services rendered. The court held that no such contract existed and rendered judgment for the defendant.
The plaintiff has appealed from this judgment, contending that the court erred (1) in finding that Frederick Ehrsam, Jr., an authorized agent of the defendant, did not authorize the plaintiff to commence a survey; (2) in holding that there was no contract between the parties; and (3) in failing to award the plaintiff compensation for work performed. For the reasons noted below, this court denies the first two *Page 714 
claims of the plaintiff and sustains its claim for the reasonable value of its services in performing a portion of the work.
Unless a court's findings of fact are clearly erroneous in light of the evidence and the pleadings in the record as a whole, they will not be disturbed on appeal. Gilman v. Pedersen,182 Conn. 582, 585, 438 A.2d 780 (1980); Stelco Industries, Inc. v. Cohen, 182 Conn. 561, 564,438 A.2d 759 (1980); Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217, 221-22, 435 A.2d 24
(1980). In the present case, the trial court's finding that Ehrsam did not authorize the plaintiff to complete a survey is consistent with the testimonial evidence produced at trial.
Ehrsam testified that he instructed Joseph T. Kasper (of the plaintiff, J. D. Kasper Associates) "to proceed with the informational-gathering aspect necessary for him to do, or complete survey work so that he could give Mr. Kershner [of the defendant, Merrimac Associates, Inc.], a summary of what it was going to cost him, and how long it would take ... to do that work." Mr. Ehrsam expressly denied that he ever instructed Mr. Kasper to do survey work.
Kasper's testimony similarly reveals no basis for the plaintiff's claim that Ehrsam authorized the plaintiff to complete the survey. Kasper testified that work began as the result of a telephone call from Mr. Kershner to the plaintiff's office, not as the result of any authorization from Ehrsam. According to Kasper, Ehrsam's role was limited to pressing the plaintiff to complete the work. The court's finding that Ehrsam did not instruct Kasper to do a survey thus has ample support in the record, and was properly made.
Whether a contract exists is a question of fact for the trial court to determine from all the evidence before it. Randolph Construction Co. v. Kings East *Page 715 
Corporation, 165 Conn. 269, 277, 334 A.2d 464
(1973); Bridgeport Pipe Engineering Co. v. DeMatteo Construction Co., 159 Conn. 242, 249,268 A.2d 391 (1970); Molloy v. Rourke, 83 Conn. 196,199, 76 A. 517 (1910). The court's conclusions are tested by the findings and must stand unless they are logically or legally inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. Hydro-Hercules Corporation v. Gary Excavating, Inc., 166 Conn. 647, 654, 353 A.2d 714
(1974); Klein v. Chatfield, 166 Conn. 76, 80-81,347 A.2d 58 (1974); Brauer v. Freccia, 159 Conn. 289,293, 268 A.2d 645 (1970). In this case, the trial court's conclusion that the parties had no contract for a complete survey project is logically and legally consistent with the findings.
According to the court's findings, the factual situation was as follows: On January 17 or 18, 1977, the defendant, acting through Kershner, placed a telephone call to the plaintiff's office and requested a specific written proposal of the time and cost of the plaintiff's work. On January 19, Kasper dictated to his secretary a written proposal for the survey project. The court held that this proposal was an offer, a conclusion the plaintiff does not dispute. Kasper testified that he had no conversation with Kershner after January 19, but nevertheless started work on the project on January 21. On or about January 25, Ehrsam called Kasper and indicated that he had another ten days to develop the required schedules. This conversation was held four days after Kasper claimed to have begun work. Since it found no acceptance of Kasper's offer by the defendant, the court was correct in concluding that the parties reached no understanding that would form the basis of a contract. See Bridgeport Pipe Engineering Co. v. DeMatteo Construction Co., 159 Conn. 242, 246,268 A.2d 391 (1970); Calamari Perillo, The Law of Contracts, 2-2, pp. 22-23 (1977). *Page 716 
The plaintiff's final claim is that even if there was no express agreement to complete an entire survey, at least there was an agreement to perform preliminary work. The court found that Mr. Ehrsam "authorized the plaintiff to do research work and other preliminary work so as to make a proposal to defendant," and "did instruct the plaintiff to do a title search." There is no doubt that the parties had an agreement regarding preliminary services. The question is whether this agreement can be considered as separate from the main agreement and afford the plaintiff a right to be compensated for its services. We think that it can.
Ordinarily, a party's preparation for performance of a contract is not compensable unless there was conferred a benefit on the other party to the contract. Santoro v. Mack, 108 Conn. 683,694-5, 145 A. 273 (1929); 5 Corbin, The Law of Contracts 1107, p. 577 (1964). When the services are performed at the request of the opposing party and in expectation that compensation would be made for them, or were so made with the defendant's knowledge or acquiescence, however, recovery may be had without reference to the extent of the benefit conferred on the defendant. Santoro v. Mack, supra, 695; Butler v. Solomon, 127 Conn. 613, 615, 18 A.2d 685
(1941); Clark v. Diefendorf 109 Conn. 507, 510,147 A. 33 (1929). The record in the present case reveals that the defendant either promised to pay the plaintiff for preliminary services or allowed the plaintiff to proceed under the assumption that the services were to be paid for. Under these circumstances, the plaintiff was entitled to receive the reasonable value of the preliminary work which the defendant had requested, including the title search.
 There is error. The judgment is set aside, and the case is remanded for further proceedings in accordance with this opinion.
In this opinion SHEA and DALY, Js., concurred.