FRANK CAVALLO ET AL. *v.* DAVID LEWIS
(2207)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued February 8—decision released April 10, 1984

*David L. Fineberg,* with whom were *David J. Wenc* and, on the brief, *Wesley W. Horton,* for the appellant (defendant).

*David M. Lehn,* for the appellees (plaintiffs).

PER CURIAM. This is an appeal from a judgment denying the defendant's motion to dissolve an ex parte prejudgment attachment of certain real estate.[1] The underlying action involves a dispute as to the existence of a contract under which the defendant allegedly agreed to sell residential property to the plaintiffs.

---

[1] The denial of a motion to dissolve an ex parte attachment is a final judgment. General Statutes § 52-278*l.*

In considering an application for a prejudgment remedy, the trial court must determine whether there is probable cause to sustain the validity of the plaintiffs' claim. General Statutes § 52-278d; *McCahill* v. *Town & Country Associates, Ltd.,* 185 Conn. 37, 39, 440 A.2d 801 (1981); *Self-Service Sales Corporation* v. *Heinz,* 1 Conn. App. 188, 191, 470 A.2d 701 (1984). The determination of probable cause is not a trial on the merits, nor does it require the plaintiffs to establish their claims by a preponderance of the evidence. *Williams* v. *Bartlett,* 189 Conn. 471, 483, 457 A.2d 290, appeal dismissed, 464 U.S. 801, 104 S. Ct. 46, 78 L. Ed. 2d 67 (1983). The task of the trial court is essentially one of weighing probabilities which requires the court to exercise its broad discretionary powers. *McCahill* v. *Town & Country Associates, Ltd.,* supra. On the basis of the facts before it, we conclude that the trial court erred in finding probable cause to support the plantiffs' claim for breach of contract since there was insufficient evidence to prove the existence of a contract between the plaintiffs and the defendant.

It is a basic principle of contract law that in order to form a binding contract there must be an offer and acceptance based on a mutual understanding by the parties. *Bridgeport Pipe Engineering Co.* v. *DeMatteo Construction Co.,* 159 Conn. 242, 249, 268 A.2d 391 (1970); *Zahornacky* v. *Edward Chevrolet, Inc.,* 37 Conn. Sup. 751, 754, 436 A.2d 47 (1981). The offer in the real estate agreement by the defendant to sell certain real property created a power of acceptance in the plaintiffs. See 1 Williston, Contracts (3d Ed. Jaeger) § 51. Any qualification of or departure from the terms in which the offer was made by the offeror, however, invalidates the offer unless the offeror agrees to the qualification or departure. *Ocean Insurance Co.* v. *Carrington,* 3 Conn. 357, 362–63 (1820); cf. *Randolph Construction Co.* v. *Kings East Corporation,* 165 Conn. 269,

276, 334 A.2d 464 (1973); see also *J. & D. Kasper Associates* v. *Merrimac Association, Inc.,* 37 Conn. Sup. 712, 714, 435 A.2d 709 (1981).

In the present case, the plaintiffs' alteration of the real estate agreement by an addendum which extended the closing date and provided for an indemnification clause terminated their power of acceptance and functioned as a counteroffer. See 1 Restatement (Second), Contracts § 38; 1 Williston, loc. cit. Thus, the defendant's subsequent revocation of his offer which became effective when it was communicated to the plaintiffs resulted in no contract. See *L. & E. Wetheimer, Inc.* v. *Wehle-Hartford Co.,* 126 Conn. 30, 35, 9 A.2d 279 (1939); 1 Restatement (Second), Contracts § 42; 1 Williston, op. cit., §§ 55, 56; see also *Simses* v. *North American Co. for Life & Health Ins.,* 175 Conn. 77, 82, 394 A.2d 710 (1978).

There is error, the judgment is set aside and the case is remanded with direction to grant the motion to dissolve the attachment.

In this opinion the other judges concurred.