[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about October 6, 1987 the plaintiff Rinaldi Construction Inc. and the defendant William Cann, Jr. entered into an agreement whereby the plaintiff was to provide the services requested by the defendant to renovate the defendant's premises located at 102 Marsh Road, Litchfield, Connecticut. CT Page 3728
The defendant moves for summary judgment on the grounds that the plaintiff failed to comply with Connecticut General Statutes 20-429
as it existed at the time of this transaction. That statute provides as follows:
 Sec. 20-429. Contract to be in writing. Negative option provisions prohibited. Owner to receive copy. Required provisions. (a) No home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor.
 (b) No home improvement contract shall be valid if it includes any provision obligating the owner to instruct the home improvement contractor, by a date determined by such contractor, that periodic home improvements are not to be performed unless it also include a provision requiring the contractor to remind the owner of that obligation by means of a card or letter mailed to the owner and postmarked not earlier than twenty days, and not later than ten days, prior to such date.
 (c) The contractor shall provide and deliver to the owner, without charge, a completed copy of the home improvement contract at the such contract is executed. 20-429 (emphasis added)
In order to prevail on a motion for summary judgment the moving party must demonstrate that no genuine issue of material fact is in existence. Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). Whether the writings in a given case constitute a contract is a question of fact to be resolved at the time of trial. Randolph Construction Co. v. Kings East Corporation, 165 Conn. 269, 276 (1973); J D Kasper Associates v. Merrimac Associates, Inc., 37 Conn. Sup. 712 (1981). Since there exists a genuine issue of fact concerning whether the writings in this case constitute a contract it would be improper to grant summary judgment.
Accordingly, summary judgment is denied.
McDONALD, J.