[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Thomas Theodore has moved to dissolve an attachment of his interest in certain real property, obtained ex parte by the plaintiff, Samuel Heyman, Trustee.
The plaintiff claims that Theodore is individually liable for damages the plaintiff suffered when a tenant, Minard's Farm Shops, Inc., breached the terms of a commercial lease and vacated the plaintiff's premises, a store in a shopping center in Milford. The plaintiff claims that Theodore signed the lease as an individual guarantor of the obligations of the corporate tenant.
Theodore contends that the plaintiff cannot establish probable cause as to the guarantee because: 1) the lease itself is invalid because the plaintiff unilaterally altered its terms after the tenant signed it and 2) he signed the guarantee only as treasurer of the corporate tenant and not in his individual capacity.
Pursuant to 52-278d(a) C.G.S., the plaintiff is entitled to maintain his attachment of Theodore's property only if there is probable cause to sustain the validity of the plaintiff's claim.
In this context, a plaintiff does not have to establish that CT Page 4301 he will prevail, but only that there is probable cause to sustain the validity of his claim, that is, a basis for a "bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." New England Land Co., Ltd. v. DeMarkey,213 Conn. 612 (1990); Three S Development Co. v. Santore, 193 Conn. 174,175 (1984), Wall v. Toomey, 52 Conn. 35, 36 (1984).
As the Supreme Court noted in New England Land Co. v. DeMarkey, supra, assessment of probable cause requires a weighing of probabilities. On balance, the court concludes that the weight of the probabilities is such that the attachment should be vacated.
The evidence adduced indicated that the plaintiff did not bargain for Theodore's participation as a guarantor of the lease, that the plaintiff never obtained Theodore's financial statement, did not note the form in which he signed the guarantee and did nothing to indicate that his personal guarantee was a required part of the transaction. Indeed, when a typist included his name in an earlier draft of the lease, the plaintiff's rental agent caused it to be deleted, and the final draft sent to the lessor identified only John Minard as a required guarantor.
It appears that Minard, not the plaintiff, urged Theodore to sign the guarantee in some unclear means of establishing expectations between Theodore and himself as the officers of the corporation that was the actual lessee.
The gratuitous nature and uncertain extent of the guarantee are not the only factors weighing against a finding of probable cause. The plaintiff's rental agent, Kathy Rorlick, admits that she added a provision to the lease after the tenant signed it and without securing the consent of either the tenant or the guarantor(s) to the change.
The Appellate Court has stated in a similar context in Cavallo v. Lewis, 1 Conn. App. 519, 520 (1984), "[i]t is a basic principle of contract law that in order to form a binding contract there must be an offer and acceptance based on a mutual understanding by the parties. . . . [and] [a]ny qualification of or departure from the terms in which the offer was made by the offeror. . . invalidates the offer unless the offeror agrees to the qualification or departure Cavallo v. Lewis, 1 Conn. App. 519,520-21 (1984), 1 Williston Contracts (3 ed. Jaeger) 51. While the plaintiff contends that only a substantial alteration would give rise to a finding of lack of a contract, see Randolph Construction Co. v. Kings East Corporation, 165 Conn. 269, CT Page 4302 274 (1973), the subject matter herein is an interest in land and is more likely to be governed by the Cavallo standard than by the standard applicable to construction contracts.
Assessment of the probability of establishment of the existence of a contract is a necessary part of a determination of probable cause as to an action based on the contract Cavallo, supra. Defendant Theodore correctly observes that even if his signature were construed to be a guarantee, a material change in the terms of the lease without his consent after he had signed the guarantee would discharge him from his obligation, since a guarantor cannot be required, without his consent, to guarantee a transaction different from the one presented to him at the time of the agreement to guarantee Murphy v. Schwaner, 84 Conn. 420, 425 (1911).
For all of the reasons stated, this court concludes that the plaintiff has failed to establish probable case as to a recovery against defendant Theodore as a personal guarantor of the lease, and the motion to vacate the attachment of his property is hereby granted.
BEVERLY J. HODGSON, JUDGE