[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
Plaintiff sues to foreclose a mechanic's lien for work done to property of defendant.
Defendant cross complains for damages and work allegedly done defectively or not completed, and for other relief.
The property involved is a lot of land 50 feet by 130 feet having a three family house on it known as 118-120 Hallock Avenue, in New Haven, Connecticut.
Plaintiff had been working on the subject property as early as June 1987. He brought the attention of defendant to it as being for sale.
Defendant became interested in acquiring the property and financing its purchase and rehabilitation through the New Haven Savings Bank.
In July 1987, the bank initiated an inquiry to learn what was the condition of the property. By letter of July 23, 1987, the City of New Haven, Office of Building Inspector and Enforcement, set forth a list of building code violations estimated to cost $10,000 to correct.
Defendant made arrangements with the bank to purchase the property. She took title September 15, 1987.
At the purchase of the property, defendant was represented by an attorney at law, Richard B. Smith.
Defendant made a construction type mortgage arrangement with the bank whereby disbursements were made to defendant as the work progressed, and the payments made to plaintiff.
Plaintiff continued to do work on the property until on or about January 1988 when he stopped work because of defendant's failure to make payments, and because of mounting disputes over what work done by plaintiff was qualifying for payment and what work was extra. CT Page 2737
Meantime, plaintiff had been working on the property and been paid a total of $11,500 by defendant through disbursements of the New Haven Savings Bank arranged by defendant. Other facts will appear as the context requires.
 II
Plaintiff is claiming the sum of $5370 as the balance due him for his work done including so-called contract work and extra work not within his contract.
Defendant claims that plaintiff failed to bring the property in compliance with the New Haven building code and that she was compelled to expend large sums of money, viz., approximately over $10,000 to do so.
Plaintiff claims there was a contract on the basis of Exhibit A, bearing date of June 29, 1987 and Exhibit B, having date of October 13, 1987.
Defendant in her cross complaint of April 5, 1990 claims there was a contract bearing date of June 29, 1987. (Exhibit No. 1) This exhibit appears to have been furnished to defendant in connection with the proposal, Exhibit A bearing date also June 29, 1987.
Defendant admits that the plaintiff rendered services and furnished materials for the rehabilitation of the subject house under an agreement made October 13, 1987 (Exhibit No. 1) by which plaintiff was to provide plumbing and other work and materials for the subject house, and that defendant was to pay $18,800. (Plaintiff's complaint par. 2 and admission of defendant in her answer of April 5, 1990, and paragraph 2 of defendant's cross complaint of April 5, 1990; which inter alia alleges there was a "written" agreement between the parties.
Exhibit B of plaintiff having date of October 13, 1987 appears to cover the work and materials mentioned in Exhibit A both bearing the sum of $18,800 as the consideration to be paid by defendant. Both parties confirm on trial that the original price of $18,800 was reduced to $15,000 when their agreement eliminated $3800 because the defendant was having the heating furnace and electric power for it eliminated from plaintiff's proposal and to be done by defendant through a third party.
 III
A threshold question is whether there is an enforceable contract between the parties. Defendant claims there is not CT Page 2738 because the plaintiff failed to comply with the Home Improvement Act, C.G.S. (1987-1988), Section 20-429(a) and the Home Solicitation Sales Act, C.G.S., Section 42-135(a).
Plaintiff claims the Home Improvement Act does not apply because defendant bought the property as an investment and was not used by her nor intended to be used by her as her home.
It is true defendant had not been living in the property and there is no indication that she was planning to live in it as a home.
Nevertheless the statute places no such condition that she do so. "Home Improvement" is defined as including any repair, remodeling, alteration improvement, or rehabilitation "to any building or that portion thereof which is used or designed as a private residence or dwelling place. . . ." C.G.S. (1987) Sec.20-419(4) "Private residence" means a single family dwelling or a multifamily dwelling consisting of not more than four units. (Sec. 20-419(8)) "Owner" means a person who owns or resides in a private residence. (Sec. 20-419(7))
The property of defendant is a multifamily dwelling having only three units, designed and being rehabilitated for private dwelling purposes and comes within the coverage of the Home Improvement Act.
III-A
A claim of defendant is that a contract based on Exhibits A and B is not enforceable by plaintiff because it does not have the signature of defendant and because neither Exhibit A nor Exhibit B contains the entire agreement.
This memorandum considers first the absence of a signature.
Both parties have relied upon a claimed agreement of October 13, 1987 having a basis on Exhibit B. It is true that none of the Exhibits A, B nor No. 1 have the signature of the adverse party, but the absence of such a signature, as a manifestation of assent, did not render an agreement invalid for that reason alone.
C.G.S. (1987) Section 20-429(a) provided: "No home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor."
At this time this section did not contain a provision that the home improvement contract required the signatures of the CT Page 2739 parties for the contract to be valid. The signature requirement was first enacted in C.G.S. (1989) Section 20-429(a). The fact that none of the exhibits A, B and No. 1, had a signature of the adverse party of itself does not render them invalid for that reason alone.
III-B
The requirement however that the terms of a home improvement contract to be valid was required to be in writing was in effect.
Neither the complaint on the part of the plaintiff, nor the cross complaint on the part of the defendant, satisfies this requirement.
Judging from the parties' actions Exhibits A, B and No. 1 amount to proposals in the nature of offers or promises to do the specified construction work and furnish the materials on the specified terms.
It is a basic principle of contract law that in order to form a binding contract there must be an offer and acceptance based on a mutual understanding by the parties and that any qualification or departure from the terms in which the offer was made by the offeror, however, invalidates the offer unless the offeror agrees to the qualification or departure. Cavallo v. Lewis, 1 Conn. App. 519, 520.
Plaintiff admits having received a total sum of $11,500 for work performed and materials furnished to the subject dwelling house. To the extent of the labor performed by plaintiff and materials furnished by him, covered by these payments, they represent a contractual assent of defendant. The evidence is speculative as to what work and materials remain unfinished or were performed in an unworkmanlike manner, and the nature of any damages connected therewith.
To the extent that defendant manifested assent to the offers based on Exhibits A and B and the several payments amounting to $11,500 made by defendant to plaintiff the parties did so on the basis of a severable contract and apportionable consideration. Bridgeport v. Scott Co., 94 Conn. 461, 465. There was no manifestation of assent by defendant to the balance of plaintiff's offer.
III-C
However this may be, there are overriding claims of both parties that render their claimed contracts as unforceable because oral in nature and not in writing. CT Page 2740
A principal claim of defendant is that plaintiff had the contractual obligation of making the subject property comply with the New Haven building code requirements for use as a dwelling house. This claim is not sustained.
Both parties knew of the existence of building code deficiencies and the necessity for compliance for the property to be used as a dwelling.
All the arrangements for the construction loans with the bank were made by the defendant, which loans she needed to pay the plaintiff. Plaintiff appeared at the bank for this purpose only once, which was to sign a waiver of his claims.
An obligation of plaintiff to make his work comply with code requirements so far as the work he was doing was concerned is something separate, more limited and different from an obligation to see to it that all code requirements are complied with for the purpose of qualifying the subject property for dwelling house purposes, the latter being primarily a burden of the owner. None of the exhibits A, B and No. 1 made any mention of this.
Plaintiff claims damages of $5370. The evidence shows the basis of this to be oral in nature. Defendant claims to have expended over $10,000 to complete and repair plaintiff's work. Of this amount the expenditure of $6000 appears to have been for new work defendant desired which was not an obligation of plaintiff.
So far as defendant's further claims of damages are concerned for work allegedly defectively performed or not completed these are based on oral contracts, and not upon written contracts as required by C.G.S. (1987-8) Section 20-429(a), and hence are not enforceable. Caulkins v. Petrillo et al.,200 Conn. 713; Barrett Builders v. Rhoda Miller, 215 Conn. 316; Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345.
 IV
Upon the complaint of plaintiff Milton F. Smith, Sr., dated June 27, 1989 the issues are found in favor of defendant Christine Thompson and upon the cross complaint dated April 5, 1990 as amended July 6, 1990 of said defendant, the issues are found in favor of plaintiff.
Accordingly, upon the complaint judgment may enter in favor of defendant, and upon the cross complaint as amended, judgment may enter in favor of plaintiff. CT Page 2741
PHILIP R. PASTORE STATE TRIAL REFEREE