[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISSOLVE PREJUDGMENT ATTACHMENT
The plaintiff claims to have provided services to the defendant from August, 1988 to December, 1989, and received as partial payment a $7,000 note from the defendant Victor Eanniello. In count one of their complaint, plaintiff seeks to collect on the note. In count two, they seek to set aside as fraudulent a conveyance of the family residence from Victor Eanniello to his wife, the defendant, Belinda Eanniello a/k/a Rose Ann Eaniello.
The note of March 29, 1990 is dated subsequent to the conveyance of June 7, 1989.
The defendants seek to dissolve an attachment of the conveyed property.
In order to sustain a prejudgment remedy, a party demonstrate probable cause as to ultimate success on their claim. Connecticut General Statutes 52-278d, New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 619-620 (1990). The court exercises broad discretion in weighing the probabilities, Cavallo v. Lewis,1 Conn. App. 519, 520 (1984).
The Appellate Court has held that the role of the court in considering a motion to dissolve an attachment is the same as in the situation dealing with the initial granting of an attachment. Sweet v. Summerbrook Mill Development Corp., 21 Conn. App. 191,193 (1990). The Sweet case also reviewed the burden on a plaintiff seeking to establish a fraudulent conveyance.
The plaintiff is suing on its note which was executed more than 9 months after the transfer at issue. This fact makes the plaintiff's success on the fraudulent conveyance issue improbable.
The conveyance could not effect the plaintiff's claim on a note which was executed at the subsequent date.
The court finds that plaintiff has failed to establish probable cause as to its ultimate success on the merits, on the fraudulent conveyance count. Accordingly, the attachment is ordered dissolved. CT Page 5818
McWEENY, J.