The complaint in this action contains two counts. The first count was for breach of a written employment contract. The second count claims breach of an express and implied representation that the plaintiff would be terminated only for just cause. Summary judgment was granted on the second count. A CT Page 5678 summary judgment may be granted under section 384 of the Practice Book if the pleadings, affidavits and other proof submitted with a motion show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354,364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246, 247. Once the moving party has presented evidence in support of the motion, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. State v. Goggin,208 Conn. 608, 616. It is not enough for the opposing party merely to assert the existence of a disputed issue. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 579; Burns v. Hartford Hospital, 192 Conn. 451, 455. The nonmoving party must recite specific facts which contradict those stated in the moving party's affidavits and documents. State v. Goggin, supra, 616, 617. This requires production of evidentiary facts or substantial evidence outside the pleadings from which the material facts alleged in the pleadings can warrantably be inferred. Na-Mor, Inc. v. Roballey, 24 Conn. App. 215, 217, quoting United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,378, 379.
The parties entered into a written employment contract on February 9, 1987 after prior negotiations between them. The agreement provided for employment of the plaintiff at an annual salary of $65,000.00. It was a contract of employment at will.
One paragraph of the agreement provided as follows: "Commencing on the date hereof Employer shall employ Employee in the above capacity until this Agreement shall be terminated by either party by not less than two weeks' prior written notice to the other." The affidavit of the president of the defendant stated that the defendant terminated the plaintiff's employment because he was ineffective and did not adequately fulfill his responsibility as an employee of the defendant. The affidavit also states that when the plaintiff was hired, the defendant, which was a New York corporation, had its principal place of business at White Plains, and that the plaintiff was interviewed for the job and the employment contract was prepared there. Even though the plaintiff resided in Connecticut, his place of Employment when he was hired was in White Plains, New York.
At his deposition, the plaintiff acknowledged signing the employment contract of February 9, 1987 and claimed that he believed he could only be terminated for just cause. He acknowledged at his deposition that no one from the defendant told him after the agreement was signed that he would be terminated only CT Page 5679 for just cause. The agreement itself contains no such provision. The plaintiff claims he was looking for job security. During the interviewing process, the president stated that an employee would not be terminated frivolously if he did his job. Indications were made to the plaintiff that Nukem was a German company and had a philosophy of keeping their employees. There is nothing in the plaintiff's deposition or other documents attached to the complaint which support the claim in paragraph 7 of the second count that the termination clause in paragraph 1 of the written contract could only be invoked by the employer if just cause existed for termination. The plaintiff concedes that there was no subsequent verbal promise or written agreement after the one signed by the parties following the discussions between them. There is nothing in the written agreement which supports the plaintiff's claim. At most, the plaintiff had an impression that he would not be fired except for just cause, but the evidence submitted does not support a contract, namely, a meeting of the minds between the parties other than on the terms of the written agreement of February 9, 1987. The plaintiff's position would be contrary to paragraph 1 of that agreement.
Although one party might prefer to have the court decide that the plain effect of his contract is different from the expressed intention set forth in it, the court cannot make a new or different agreement for the parties. Collins v. Sears, Roebuck Co.,164 Conn. 369, 375. "It is a basic principle of contract law that in order to form a binding contract there must be an offer and acceptance based on a mutual understanding by the parties." Cavallo v. Lewis, 1 Conn. App. 519, 520; Bridgeport Pipe Engineering Co. v. DeMatteo Construction Co., 159 Conn. 242, 249.
The defendant claims that the substantive law of New York applies to this case because its place of business was in New York, and negotiation of the employment contract and the place of the plaintiff's initial employment was in New York. Even though the plaintiff resided in Connecticut and the written agreement was sent to him for a signature here, the conflict of laws rules applied to contracts supports the defendant's position that New York law should be applied. The general rule is that the construction of a contract is determined by the law of the place where the contract is made, unless the contract is to be performed or has its beneficial operation and effect elsewhere. Levy v. Daniels' U-Drive Auto Renting Co., Inc., 108 Conn. 333, 338; Jenkins v. Indemnity Ins. Co., 152 Conn. 249, 254. See also 16 Am.Jur.2d 130, 132, Conflict of Laws, Sec. 80.
In some cases, the place of making the contract and the place of performance are not the same. The place where the last act is done which is necessary to complete the contract is sometimes considered the place where the contract was made, 16 Am.Jur.2d CT Page 5680 118, Conflict of Laws, Sec. 75, but the record here does not show whether the plaintiff or the defendant signed later. However, the place of performance of the contract was clearly in New York and all of its essential terms were negotiated there at the defendant's place of business. Since the contract was apparently entered into in New York and there is no showing that the parties thought of it as anything but a New York transaction, the validity and construction of the contract are governed by New York law. Dick v. Dick, 167 Conn. 210, 223. Furthermore, in most cases, the place of performance controls. 16 Am.Jur.2d 135, Conflict of Laws, Sec. 81.
Connecticut has not adopted the grouping of contacts approach for conflict of laws on questions concerning contracts, but if that theory were applied to the facts of this case, it would also result in choosing New York law to resolve this dispute. Moreover, in another context, our courts recognized that the place of performance of the contract and the employer's place of business is more significant than where the contract is made. See Simaitis v. Flood, 182 Conn. 24, 28.
Under New York law, the written employment agreement between the parties is integrated as a matter of law, and all prior or contemporaneous statements which vary the terms of the agreement are barred under the parol evidence rule. Mastrangelo v. Kidder Peabody Company, Inc., 722 F. Sup. 1126, 1131
(S.D.N.Y. 1989). "[W]here the parties have reduced their agreement to an integrated writing, the parol evidence rule operates to exclude evidence of all prior or contemporaneous negotiations between the parties offered to contradict or modify the terms of their writing." Marine Midland Bank-Southern v. Thurlow,442 N.Y.S.2d 417, 419 (N.Y. 1981). Under New York law, a contract which appears complete on its face is an integrated agreement as a matter of law. Adler Shaykin v. Wachner,721 F. Sup. 472, 476 (S.D.N.Y. 1988) quoting Battery S.S. Corp. v. Refineria Panama, S.A., 513 F.2d 735, 738 n. 3 (2nd Cir. 1975).
The agreement here provides for employment until the agreement is terminated by either party by not less than two weeks prior written notice to the other. The contract contains the plaintiff's annual salary rate and states in the preamble that the "Employee desires to continue in the employ of Employer in such capacity and Employer desires to continue such employment, all on the terms and conditions hereinafter set forth." On the face of it, the agreement entered into between the parties is an at-will employment contract. Moreover, under New York law, employment is at-will unless a contract specifies a definite period of employment, and an employer may discharge an at-will employee at any time for any reason except a reason prohibited by law. Mastrangelo v. Kidder Peabody Company, Inc., CT Page 5681 supra, 1130. New York cases have granted summary judgment for the employer where the employee attempts to vary the terms of a written employment contract by parol evidence. Ginsberg v. Fairfield-Noble Corp., 440 N.Y.S.2d 222 (1381); Nelson v. Stanley Blacker, Inc., 713 F. Sup. 107 (S.D.N.Y. 1989). In Economu v. Borg-Warner Corp., 829 F.2d 311, 317 (2nd Cir. 1987), a summary judgment was upheld where the express terms of a written employment contract created an employment at-will and the contract was integrated, and evidence of an employer's "family policy" to terminate employees only for "just cause" based on a prior agreement was excluded under New York law.
It is clear that the agreement of February 9, 1987 is an integrated document, and the plaintiff's impressions that he would only be discharged for just cause contradicts the written agreement. The discussions of the parties, reflected in the documents attached to the motion for summary judgment do not show a meeting of the minds on the plaintiff's claim that he could only be terminated for just cause, but even if it did, these discussions were not carried over into the document signed by the plaintiff which was the final repository of the employment negotiations.
Since it is apparent that New York law applies here, extensive discussion of Connecticut law on the parol evidence rule is unnecessary. However, the same result would occur under Connecticut law. The parol evidence rule is not a rule of evidence but a substantive rule of contract law, and prevents the use of parol evidence to vary or contradict the terms of an integrated contract. TIE Communications, Inc. v. Kopp, 218 Conn. 281,288. Where the written contract contains the agreement between the parties, evidence of a prior unwritten agreement is not allowed to vary the agreement as integrated in the writing. Damora v. Christ-Janer, 184 Conn. 109, 113. Parol evidence is admissible if relevant "(1) to explain an ambiguity appearing in the instrument; (2) to prove a collateral oral agreement which does not vary the terms of the writing; (3) to add a missing term in writing which indicates on its face that it does not set forth the complete agreement; or (4) to show mistake or fraud." TIE Communications, Inc. v. Kopp, supra, 288, 289, quoting Jay Realty, Inc. v. Ahearn Development Corporation, 189 Conn. 52, 55-56. These exceptions apply only where the evidence does not vary or contradict the contract's terms or the contract has been shown not to be integrated. TIE Communications, Inc. v. Kopp, supra, 289. Neither situation exists here as the plaintiff's impressions from his discussions before signing the contract contradicts an at-will employment arrangement contained in an integrated contract. TIE Communications, Inc. v. Kopp, supra, 289. Under Connecticut law, the general rule is that contracts of permanent employment or for an indefinite term are terminable at will. CT Page 5682 Sheets v. Teddy's Frosted Foods, Inc. 179 Conn. 471, 474.
A party is entitled to a summary judgment when the established facts would entitle the party to a directed verdict. Connelly v. Housing Authority, supra, 364; Connell v. Colwell, supra, 247. That is the case here.
The defendant's motion for summary judgment on the second count of the complaint is granted.