[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13394
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 5, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 08-00081-CV-MHS-1


HOME DEPOT U.S.A., INC.,

Plaintiff-Appellant,

versus

UNITED STATES FIRE INSURANCE COMPANY,

Defendant-Appellee.

_____

No. 08-13404
Non-Argument Calendar
_____

D.C. Docket No. 06-03034-CV-MHS-1


HOME DEPOT U.S.A., INC.,

Plaintiff-Appellant,

versus

A. ANASTASIO & SONS TRUCKING CO., INC.,
UNITED STATES FIRE INSURANCE COMPANY,

                                                    Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

**(November 5, 2008)**

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

Home Depot U.S.A., Inc. filed two lawsuits.  The first suit is against A.

Anastasio & Sons Trucking Co., Inc. (Anastasio) and United States Fire Insurance

Company (U.S. Fire).  The second suit is against U.S. Fire alone.  The district

court granted summary judgment to the defendants in the first suit, and dismissed

Home Depot's claims in the second suit.  Home Depot's consolidated appeal is

before us.

The facts underlying both suits are the same.  Anastasio provided trucking

services to Home Depot pursuant to oral agreements.  In 1998, Home Depot sent

Anastasio an unsigned Contract Carrier Agreement (1998 CCA).  The 1998 CCA

required Anastasio to indemnify Home Depot and to add Home Depot as an

2

additional insured on its Commercial General Liability (CGL) policy issued by U.S. Fire. Anastasio made multiple handwritten changes to the terms of the 1998 CCA, signed it, and sent it back to Home Depot. Home Depot did not approve of these changes and did not sign the 1998 CCA.

Shortly thereafer, one of Anastasio's drivers was injured while inspecting and tarping cargo which had been loaded at a Home Depot facility.

Home Depot then demanded Anastasio and U.S. Fire defend and indemnify it in the lawsuit brought by Anastasio's driver. Anastasio and U.S. Fire refused, and Home Depot sued.

In the first suit, Home Depot asserted five claims against Anastasio: 1) express indemnity under the 1998 CCA; 2) equitable indemnity; 3) contribution; 4) breach of the 1998 CCA for failure to defend Home Depot in the lawsuit; and 5) breach of the 1998 CCA for failure to maintain insurance. Home Depot also asserted three claims against U.S. Fire: 1) breach of U.S. Fire's CGL Policy issued to Anastasio; 2) bad faith; and 3) attorney's fees. Anastasio and U.S. Fire moved for summary judgment on all claims, which the district court granted. Home Depot appeals.

Home Depot argues that the district court improperly granted summary judgment to Anastasio for two reasons. First, Home Depot argues that the court

3

erred in determining that the 1998 CCA was not a valid contract, as Connecticut law provides that an unsigned contract can be valid if there is some other manifestation of mutual asset. This is not a complete statement of the law, however. Connecticut law provides that if an offeree changes the terms of an offer, it invalidates the offer and acts as a counteroffer. *Cavallo v. Lewis*, 473 A.2d 338, 340 (Conn. App. Ct. 1984).[1] When Anastasio made handwritten changes to the 1998 CCA and sent it back to Home Depot, it did not accept Home Depot's offer, but rather made a counteroffer. Home Depot never accepted this counteroffer by signing it or otherwise manifesting assent. Because Home Depot never accepted Anastasio's counteroffer, the 1998 CCA is not a valid contract between the parties and does not confer any rights to Home Depot.

Home Depot next argues that its indemnification and breach-of-contract claims are based on the rights Home Depot enjoys under a Contract Carrier Agreement executed in 2000 (2000 CCA). The 2000 CCA is not the subject of this suit, however. In its complaint, Home Depot made claims against Anastasio based on the 1998 CCA. (R.1-1 Ex. C at 2.) Home Depot cannot add claims based on the 2000 CCA in opposition to Anastasio's motion for summary

---

[1]The parties still do not agree whether Connecticut or Georgia law applies. We need not decide the issue since the 1998 CCA is not a valid contract under either state's law. *See Gill v. B & R Int'l., Inc.*, 507 S.E.2d 477, 480-81 (Ga. Ct. App. 1998) (holding same as *Cavallo*).

judgment when its complaint is based on the 1998 CCA. We have held that, "[a]t the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint . . . . A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Because Home Depot did not amend its complaint to add claims based on the 2000 CCA, Home Depot cannot assert those claims in opposition to summary judgment.

The 1998 CCA is not a valid contract and does not confer any rights upon Home Depot. The 2000 CCA is irrelevant to this suit, which was brought based on provisions of the 1998 CCA. Accordingly, we affirm the district court's grant of summary judgment for Anastasio on Home Depot's claims based on the 1998 CCA.[2]

Next, we turn to Home Depot's claims in the first suit against U.S. Fire. Home Depot argues that U.S. Fire breached its CGL policy by failing to defend and indemnify Home Depot in the suit brought by Anastasio's driver. Home Depot argues that summary judgment for U.S. Fire was inappropriate because

---

[2]Home Depot does not challenge the grant of summary judgment for Anastasio on Home Depot's equitable indemnification or contribution claims.

Home Depot was an additional insured on the CGL policy.[3] Home Depot's chief argument is that U.S. Fire is estopped to deny that Home Depot is covered by the CGL policy since its agent, Arthur Watson, issued Home Depot a Certificate of Liability Insurance. We disagree. We have held that "[e]vidence inadmissible at trial cannot be used to avoid summary judgment." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1249 (11th Cir. 2007) (*quoting Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 661 (5th Cir. 1976)). U.S. Fire disputes the authenticity of the Certificate of Liability Insurance Home Depot offers as evidence of its coverage. (R.1-3 at 11.) Home Depot, in order for this document to be admissible, must offer "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Home Depot has failed to offer any evidence sufficient to support such a finding, and so the Certificate of Liability Insurance is not admissible evidence. Home Depot cannot rely on this inadmissible evidence in its opposition to U.S. Fire's motion for summary judgment. Because there is no admissible evidence to support Home Depot's contention that it is insured under the CGL policy which U.S. fire issued to Anastasio, the district court correctly granted summary judgment to U.S. Fire.

---

[3]We find no merit in Home Depot's argument that it is covered under the CGL policy based on the 1998 CCA. The 1998 CCA is not a valid contract, and so cannot give Home Depot rights under the CGL policy.

Because Home Depot's remaining arguments on appeal all presuppose that it is an additional insured under the CGL policy, we do not address them.

Finally, we turn to Home Depot's second lawsuit against U.S. Fire. Home Depot argues that the district court improperly dismissed its claims on the basis that they were barred by res judicata. Home Depot argues that its second suit, even though it seeks the same relief for the same injury it sought in the first suit, is not barred by res judicata because the second suit is based on a different insurance policy than the first. We disagree. The district court correctly analyzed the relevant elements of res judicata and concluded that the second suit was barred. (R.1-10 at 1-5.)

Res judicata "bars the filing of claims which were raised or *could have been raised* in an earlier proceeding." *Citibank N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) (emphasis added). Res judicata bars a claim when four elements are satisfied: 1) a final judgment on the merits; 2) rendered by a court of competent jurisdiction; 3) on the same cause of action; and 4) asserted between the same parties. *Id.* Home Depot argues that res judicata is inapplicable here because the same-cause-of-action element is not satisfied since this suit is based on a different insurance policy than the first suit. We have held, however, that absolutely identical cause of actions are not required for res judicata to apply:

"if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Id*. at 1503 (*quoting Ruple v. City of Vermillion*, 714 F.2d 860, 861 (8th Cir. 1983)). *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1240 (11th Cir. 1999) (holding retaliatory discharge claim barred by res judicata since it arose from same factual predicate as qui tam action brought in prior suit).

Home Depot's second lawsuit seeks the same relief for the same injury from the same party as the first suit. The only difference between the first and second suit is that instead of relying on U.S. Fire's CGL policy issued to Anastasio to assert its rights, Home Depot relies on U.S. Fire's auto policy issued to Anastasio. The auto policy was in existence at the time of the first suit and nothing prevented Home Depot from asserting claims based on it in the first suit.[4] Indeed, Home Depot is not even named in the insurance policy it seeks to sue under, but asserts it is an additional insured under the same 1998 CCA it relied on in the first suit. Accordingly, we affirm the district court's dismissal of Home Depot's claims in the second suit.

AFFIRMED.

---

[4]Indeed, Home Depot attempted to untimely amend its complaint to include claims based on this policy, but the motion to amend was denied. (R.3-58 at 1-4.)